# Benson v. Commonwealth.

May 22, 1942.

Sam T. Jarvis and Alfred C. Ross for appellant.

Hubert Meredith, Attorney General, and Wm. F. Neill, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

On the trial of the appellant, James Chester Benson, for the murder of Martha Dell Vincent, a girl 19 years of age with whom he had been keeping company for more than a year, no instruction was given on self-defense or authorizing a conviction on any lower degree of the crime. The jury found him guilty of murder and fixed his punishment at death and from the judgment entered on that verdict this appeal is prosecuted.

Since the sole ground urged for reversal is error in failing to give the whole law of the case, there is no necessity to recite the evidence or comment thereon further than to say that it was wholly circumstantial, that there was strong evidence of a violent struggle at the time the deceased met her death, that no eyewitnesses testified and that the accused, although he testified and denied any knowledge of the killing, did not testify as to any facts indicating the manner in which the deceased met her death.

Beginning with Rutherford v. Com., 13 Bush 608, many cases dealing with the question before us have been decided in this court. From these cases, and particularly from the comparatively recent cases of McClerkin v. Com., 221 Ky. 689, 299 S. W. 570; Bond v. Com., 257 Ky. 366, 78 S. W. (2d) 1; Sewell v. Com., 284 Ky. 183, 144 S. W. (2d) 223; Bates v. Com., 284 Ky. 1, 143 S. W. (2d) 730; Davenport v. Com., 285 Ky. 628, 148 S. W. (2d) 1054; and Crenshaw v. Com., 227 Ky. 223, 12 S. W. (2d) 336, a clear cut and definite rule has emerged which may be stated as follows: that on the trial of a murder case voluntary manslaughter and self-defense instructions must be given where the evidence is wholly circumstantial, there is evidence of a struggle, no eyewitness testifies and the accused fails to testify or, although a witness, does not testify as to any facts indicating the manner in which the deceased met death; and, further, that if there is a justifiable inference of involuntary manslaughter from the proven circumstances an instruction with reference thereto should be given.

The Commonwealth relies on the cases of Crenshaw v. Com., supra, and Davenport v. Com., supra, as sustaining the trial court's action in failing to give voluntary manslaughter and self-defense instructions but neither of those cases falls within the terms of the rule enunciated above. In the Davenport case [285 Ky. 628, 148 S. W. (2d) 1060] the accused, as said by the court, "testified in effect as to how the killing occurred." This removed it from the terms of the declared rule. In the Crenshaw case eyewitnesses to the killing testified and thereby that case was removed from the terms of the rule. The instant case, however, as indicated above, falls squarely within the terms of the rule and the trial court was in error in failing to give instructions on voluntary manslaughter and self-defense. However, the circumstances and proven facts were such as to leave no possible inference of involuntary manslaughter and therefore no instruction thereon was required.

Judgment reversed with directions to grant the appellant a new trial and for further proceedings consistent with this opinion.