## Ferguson v. Commonwealth.

June 19, 1942.

Thomas A. Waller for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

The appellant, Frazier Ferguson, a colored man, on trial for the murder of Lillian Chenault, his paramour, was convicted of voluntary manslaughter and sentenced to twelve years in the penitentiary.

Appellant and the deceased, who had lived together for several years, had recently separated and she had moved to a house near that occupied by him. On the night in question the two were together at a restaurant and then went to appellant's home. According to the testimony of at least one witness appellant was drunk. The deceased left appellant's home but, according to him, promised to return. Sometime after midnight a shot was heard in the deceased's room. Appellant's voice was heard in her room before the shot. After the shot appellant was heard to tell the deceased to get up, that she wasn't hurt. Appellant then went out and called to another colored woman to "come and do something for Lillian." He told this woman that he was fooling with a pistol and it went off and shot Lillian. Through the open door of the deceased's room police officers passing by saw appellant trying to lift the deceased from the floor. They entered and found her bleeding from a bullet wound from which she shortly died. Appellant's automatic pistol, with blood on it, was found under a pillow on the bed and an empty cartridge case was found in the room, although there was a failure of the evidence

to establish that the fatal bullet was either fired by this pistol or was of the same caliber as the empty cartridge case. Appellant told the officers that "some railroad negroes" shot the deceased.

Appellant denied any connection with the shooting and said that upon the deceased's failure to return to his home as she had promised he went to her home to see what was the matter and found her on the floor wounded but did not know whether she was cut or shot. He testified that the pistol was loaned by him to the deceased two or three nights before the killing. He made no denial or explanation of the contradictory statements imputed to him as to the manner in which the deceased met her death.

It is contended that the verdict was flagrantly against the evidence. The foregoing statement of evidence seems to be a sufficient refutation of this contention. The contradictory statements made by the appellant as to the manner in which the deceased met her death were sufficient in themselves to justify the jury's verdict. It is earnestly argued for appellant that much of the evidence was so incredible on its face that it should be rejected. We do not concur in this theory but, on the contrary, are of the opinion that most of the witnesses told the substantial truth when allowance is made for the frailty of human recollection and probable misjudgment of time and distance. In any event, the evidence was amply sufficient to sustain the verdict of the jury, whose province it is to determine the credibility of the witnesses and the weight to be given their testimony where it is not so incredible on its face as to require rejection as a matter of law.

It is next contended that error was committed in failing to instruct on self-defense and involuntary manslaughter. It is argued that this was the type of case requiring instructions on self-defense and all the degrees of homicide. We do not subscribe to this argument. In the very recent case of Benson v. Com., 290 Ky. 713, 162 S. W. (2d) 538, this question was reviewed and the rule stated to be that the whole law of the case should be given on murder trials where the evidence is wholly circumstantial, there is evidence of a struggle, no eye witness testifies and the accused does not testify as to any facts indicating the manner in which the deceased met death. At least two of these requisites are absent in the

present case. The evidence was not wholly circumstantial since the statement of appellant that he was fooling with the pistol and it went off and shot the deceased was direct, substantive evidence. Nor was there the slightest evidence of a struggle. We are cited to the case of Sewell v. Com., 284 Ky. 183, 144 S. W. (2d) 223, as authority that there was sufficient evidence of a struggle to require a self-defense instruction. In that case, however, the peculiar location of the deceased's body beside the bed with his head between the wall and the stove was pointed to as indicative of a struggle. In the present case there was no such evidence or any other evidence indicating a struggle. Clearly, no instruction on self-defense was required.

However, though this case does not fall within the terms of the rule mentioned above, nevertheless the court should have instructed on involuntary manslaughter because of appellant's proven statement that the pistol went off while he was fooling with it and shot the deceased. This direct, substantive evidence presented a theory of the case under which appellant might have been convicted of either voluntary or involuntary manslaughter and it was therefore error to fail to instruct on involuntary manslaughter.

But it is not every error that requires a reversal. We are authorized by Section 353 of the Criminal Code to reverse a judgment only when we are satisfied that the substantial rights of the defendant have been prejudiced. In view of the heavy penalty of twelve years inflicted by the verdict reached under the voluntary manslaughter instruction pursuant to which the jury were at liberty to fix appellant's punishment as low as two years, it is wholly illogical to indulge the assumption that had an involuntary manslaughter instruction been given the jury might have found appellant guilty only of the misdemeanor covered by such an instruction. The situation is much analogous to that where the court erroneously fails to instruct on involuntary manslaughter and the accused is convicted of murder although a voluntary manslaughter instruction was given. We have consistently held that such an error is not prejudicial to the accused's substantial rights. See Bates v. Com., 284 Ky. 1, 143 S. W. (2d) 730, and cases therein cited.

Had the jury assessed the minimum punishment of two years authorized by the voluntary manslaughter in-

struction, we would plainly be required to hold the failure to give an involuntary manslaughter instruction prejudicial but, in view of the jury's wide departure from the permissible minimum punishment, were we to reverse the judgment we would clearly be doing so on a mere technicality not affecting appellant's substantial rights.

It is contended that error was committed in permitting the introduction in evidence of the pistol and empty cartridge case above referred to. This contention is so lacking in merit that we consider a discussion of it superfluous.

There seems to be little, if any, doubt that appellant had a fair and impartial trial and the evidence was amply sufficient to justify the verdict.

Judgment affirmed.