## Thorpe v. Commonwealth.

Dec. 11, 1945.

542

E. R. Gregory for appellant.

Eldon S. Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SILER—Affirming.

On the trial of the appellant, Walter (Red) Thorpe, for the murder of Gladys Massey the jury found him guilty and fixed his punishment at life imprisonment. From the judgment entered on the verdict this appeal is prosecuted.

The errors assigned as reasons for a reversal of the judgment of the trial court are that (1) no instruction was given on the law of self-defense and that (2) improper argument and improper questions were permitted in the case.

A brief summary of the evidence is necessary for the purposes of this decision. Walter (Red) Thorpe, Gladys Massey, her daughter, Betty Cox, Leroy Taylor, a boy called "Cornbread" and several others were at the home of Gladys Massey in Bowling Green watching the old year out and the new year in on the night of December 31, 1944. The participants in general were drinking and gambling. Shortly after midnight the party slowed down, the others departed and left Thorpe, Gladys Massey and Taylor alone in one of the rooms. Then Taylor departed and left Thorpe and Gladys Massey alone in the room. After fifteen or twenty minutes Taylor returned, found Gladys Massey dead from a head wound and an ax close to her head. Taylor aroused Betty Cox, the daughter of Gladys Massey, and her companion from their bed in another room of the house. Betty Cox then called a doctor while Taylor called the police.

The police looked for some money, said to have been at least $200, that Gladys Massey was known to have had on her person or in the room. Neither the money nor Walter (Red) Thorpe, who was the last person seen with Gladys Massey, could be found. The evidence shows that Thorpe knew about the money and saw it counted that night.

After an interval of time Thorpe was located in

Toledo, Ohio. He was arrested and returned to Bowling Green by requisition.

Upon Thorpe's plea of not guilty and the trial of this case, the court gave a murder instruction, a manslaughter instruction, a lesser offense instruction, a definition instruction and a reasonable doubt instruction. But Thorpe now contends he was also entitled to a self-defense instruction because the evidence against him was all circumstantial and no eyewitness testified on the trial.

Ordinarily, where no eyewitness testifies, the court should instruct as to murder, manslaughter and self-defense. Rutherford v. Com., 76 Ky. 608, 13 Bush 608; Elliott v. Com., 152 Ky. 791, 154 S. W. 25.

While this is the general rule, it has been modified to the extent that where the physical facts are such as to preclude the idea that there was a struggle or any resistance by the deceased an instruction on self-defense may be refused. Bast v. Com., 124 Ky. 747, 99 S. W. 978, 30 Ky. Law Rep. 967; Elliott v. Com., supra. Failure to instruct on self-defense is not error where all the evidence indicates that the self-defense issue was not raised. Ferrell v. Com., 176 Ky. 330, 195 S. W. 495. Where the only issue is as to whether defendant did the killing, an instruction as to self-defense is improper. Toliver v. Com., 104 Ky. 760, 47 S. W. 1082, 20 Ky. Law Rep. 906.

Thorpe did not raise the issue of self-defense. Neither was there any testimony of any witness that there had been a struggle or resistance by the deceased. Apparently, one hard blow killed the deceased. This was a brutal murder done with the motive of robbery, and the jury decided the evidence was sufficient to place the blame on Thorpe.

Complaint is also made that counsel for the Commonwealth made improper argument on the trial. We have found no formal objection nor ruling of the court thereon nor exception to such ruling set out in the bill of exceptions or transcript of evidence which pertain to improper conduct of counsel. At one point appellant's attorney expressed a wish that opposing counsel would stick to the testimony, and at another point appellant's attorney expressed a belief that the record showed a

544

variation from opposing counsel's argument. There were no court rulings nor exceptions pertaining to these rather informal objections made by appellant's attorney. Before an appellate court can reverse for the misconduct of counsel on the trial, the bill of exceptions must show the misconduct complained of, that the lower court refused to protect appellant, and that exceptions were entered to the ruling. Herman v. Brown, 7 Ky. Law Rep. 377.

While there were in this trial, as in most other trials, some errors committed in the court's rulings as to evidence and as to questions to witnesses, yet these appear to have been of harmless nature. Errors in admitting and rejecting testimony do not afford ground for reversal, where they do not seem to have affected the result. City of Louisville v. Muldoon, 49 S. W. 791, 20 Ky. Law Rep. 1576. We cannot conceive of a different result in the outcome of this trial had every ruling as to questions and evidence been entirely correct.

The judgment is affirmed.