## Marcum v. Commonwealth.

June 6, 1947.

Edwin R. Denney, Judge.

Duncan & Duncan for appellant.

Eldon S. Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Reversing.

Appellant, Logan Marcum, was convicted of the wilful murder of his wife, Cora Marcum, and was sentenced to life imprisonment. On this appeal he relies on three grounds for reversal: (1) he was entitled to a peremptory instruction of acquittal; (2) the evidence is insufficient to support the verdict; and (3) the lower Court erred in failing to give an instruction on voluntary manslaughter.

The case against appellant is based entirely on circumstantial evidence. At about 10 o'clock on the morning of October 28, 1946, the body of appellant's wife was discovered in the backyard of their home by a neighbor. She had suffered a stab wound over the heart made by some small instrument, and her face and neck were somewhat scratched and bruised. In the house was also found the body of Mrs. Marcum's seventeen year old daughter, Elizabeth Bell, who had been killed by a shot gun blast in the head.

Mrs. Marcum and her daughter met their deaths some time between 10 minutes after 7 and 10 o'clock on the morning of October 28. They were last seen alive by Mrs. Marcum's two younger daughters who had left for school at 7:10. At approximately 7:15 one of the neighbor's children had come by the house and had called out, but received no response. This neighbor's child said the only thing she heard was some noise in the house which sounded like a chair falling.

Appellant had left the house about 5:30 that morning. He was seen between 5:30 and 6 o'clock by some neighbors who testified that he was going in the direction of a sawmill owned by his son, Etard, which was

located about a mile and a quarter from the Marcum house. Appellant and Etard testified that appellant arrived at his son's home at approximately 6:30 a. m. Etard's wife stated that it was shortly after 7:30 when appellant arrived. A neighbor testified that he saw appellant and his son at the mill some time between 7 and 8. No one saw appellant near his home, or going toward it, after 6:30 that morning.

In an attempt to show a motive on the part of appellant, the Commonwealth proved by the two younger daughters that appellant on two occasions had made some sort of threats against his wife. In addition, the Commonwealth proved by the County Judge that not long before the killings, appellant had discussed his domestic difficulties with the Judge and had made the statement that, ''You need not be surprised if you hear of something bad happening down there before long.'' It was further shown that while appellant and his wife had been married just one year (this being the second marriage for each of them), he had separated from his wife by leaving home on two occasions within the year.

In view of the circumstances above outlined, we have concluded that the Circuit Court was in error in failing to instruct the jury on the whole law of the case, and the defendant is entitled to a new trial for that reason.

In so deciding we are not overlooking the well recognized rule in this State that where the commission of a homicidal crime is based entirely on circumstantial evidence and the facts lead to an inescapable conclusion of murder, the defendant is not entitled to either of the two manslaughter instructions or an instruction on self-defense. Thorpe v. Commonwealth, 301 Ky. 541, 191 S. W. 2d 572. Birdsong v. Commonwealth, 289 Ky. 521, 159 S. W. 2d 41.

However, it is likewise as well recognized that where there is evidence of a struggle or other unusual circumstance from which a jury might infer a lesser degree of the crime or an exoneration of it, the instructions must give the whole law of the case, including voluntary manslaughter, involuntary manslaughter and self-defense. Benson v. Commonwealth, 290 Ky. 713, 162 S. W. 2d 538; Sewell v. Commonwealth, 284 Ky. 183, 144 S. W.

2d 223; Bates v. Commonwealth, 284 Ky. 1, 143 S. W. 2d 730. The rationale of this latter principle is that, because there is no direct proof of what actually happened, the jury must reconstruct the crime and should be authorized to return a verdict based upon whatever state of facts it may reasonably infer to have existed. While the defendant in this and similar cases takes the position that he was not present and therefore could not have committed the homicidal act, the jury may have evidence upon which to reach the conclusion that defendant was there, but that he was not guilty of murder in the first degree.

In this case the facts are peculiar. Two persons were killed by different instrumentalities. Their bodies were found on different parts of the premises. Appellant's wife, for whose death appellant was convicted, had scratches and bruises on her face and neck which would indicate some sort of a struggle prior to her death. She was stabbed from the front and not shot through the back of the head like her daughter. The duty of reconstructing what happened on those premises that tragic morning is impressed on the jury, and we cannot say under the evidence that Cora Marcum's death was murder and nothing else. The instructions given so limited the jury's finding.

We therefore conclude that appellant is entitled to a new trial and that on such new trial, if the evidence is substantially the same, the jury should be given instructions on murder, voluntary manslaughter, involuntary manslaughter and self-defense. All other questions raised on this appeal are reserved.

Judge Cammack dissents from so much of this decision as directs the giving of a self-defense instruction, it being his view that self-defense is an affirmative plea which should be proven by the defendant, and such defense is waived by the defendant when he attempts to prove an alibi and insists that he was not present when the homicide occurred.

The judgment is reversed for a new trial consistent herewith.