## Maloney et al. v. Commonwealth (two cases).

October 10, 1947.

R. Monroe Fields, Judge.

French Hawk for appellants.

Eldon Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

The four appellants, Herdon Maloney, Leo Hollon,

Goff Hollon and Guy Hollon, by agreement were jointly tried on two indictments for maliciously and wilfully cutting another with intent to kill. KRS 435.170. All were found guilty on both charges and each sentenced to two years' imprisonment for each offense, except Goff Hollon whose penalty in one case was fixed at three years. Two appeals have been prosecuted on the same record.

The evidence for the Commonwealth proved that on Christmas Day, 1946, these four white men (three brothers and a half brother) deliberately and without provocation picked a fight and assaulted two young negro men, Dennison Parker and James Parker, on a street in McRoberts. The victims seem to have started to defend themselves, but after being cut ran, with the white men in pursuit. They got in a passing taxicab and escaped. Neither victim was able to state for sure which of the four men had actually cut him, but the testimony is clear that all four were acting together. Their testimony was corroborated by disinterested white men. The defendants seem to have been under the influence of liquor, one of them being "plumb drunk," as the arresting officer described him.

·The defense was that one of the negroes had insulted a young woman standing on a porch with Goff Hollon, and then invited him into the street. He started after Hollon with his hand in his pocket, and Hollon resisted the attack. Two of the other brothers went to his defense. The third brother claims to have been 50 yards away and to have had no part in the affray. All of this was in contradiction of the testimony introduced by the Commonwealth.

The arguments that the defendants were entitled to a directed verdict of acquittal rests on the failure of specific identification of the one or the other as having done the cutting in each case. There was evidence from which the jury might have made an individual identification. But so far as their joint guilt is concerned, that is not material as they were acting in concert and all participated in the assault. Deaton v. Commonwealth, 211 Ky. 651, 277 S. W. 1001; Crenshaw v. Commonwealth, 227 Ky. 223, 12 S. W. 2d 336. The court gave clear instructions which permitted the jury to find each

defendant guilty as principal and the others as aiders and abettors, and also to find that each had acted in defense of himself or of each of his brothers. The evidence sustains the verdict.

It is argued that the defendants were entitled to a continuance. The record does not show that any motion for a continuance was made. On the contrary, the orders read that the defendants announced ready for trial. There is an affidavit in the record setting forth grounds for a continuance because of the absence of certain witnesses, but it was never filed.

The judgment in each case is affirmed.