## Marcum v. Commonwealth.

December 10, 1948.

Duncan & Duncan for appellant.

A. E. Funk, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Logan Marcum, charged with the murder of his wife, has twice been convicted and his punishment fixed at life imprisonment. The first conviction was set aside by this court because of errors in the instructions. Marcum v. Commonwealth, 305 Ky. 92, 202 S. W. 2d 1012. At the second trial the evidence was substantially the same as the evidence on the first trial, and the trial judge instructed the jury as directed by this court. On this appeal reversal of the judgment is sought on two grounds: (1) The evidence was insufficient to take the case to the jury and to sustain the verdict of conviction; and (2) the court erred in excluding certain evidence offered by the appellant.

The facts are set forth at length in the opinion on the former appeal, and it is unnecessary to repeat all of them here. As was said in that opinion, the case against appellant is based entirely on circumstantial evidence. However, the circumstances point strongly to appellant's guilt, and we think the evidence was sufficient to authorize submission of the case to the jury. Appellant and deceased had been married one year, and both had chil-

dren by former marriages. Three of Mrs. Marcum's children lived in appellant's home. The oldest child, Elizabeth Belle, was 17 years of age, was deformed, and was mentally deficient. The dead bodies of Mrs. Marcum and her daughter, Elizabeth, were found at appellant's home about 10 o'clock on the morning of October 28, 1946. Mrs. Marcum had suffered a stab wound over the heart made by an awl or similar instrument, and her daughter had been shot in the head at close range with a 12-gauge shotgun. An awl was found under Mrs. Marcum's body. They were last seen alive at 7:10 o'clock in the morning when Mrs. Marcum's two younger daughters left for school. Appellant and the deceased had been having marital difficulties, and had separated on two occasions. There was evidence that appellant had threatened to kill his wife. Appellant testified that he left home about 5:40 in the morning, and went to the home of his son, Etard, about 1¼ miles distant, where he had been assisting the latter in operating a sawmill. He arrived at his son's home about 6:30 o'clock, and remained there until he learned of the murder. Mrs. Etard Marcum testified that appellant did not arrive at her home until about 7:45 o'clock, and that he seemed to be nervous. He explained his tardiness by saying "he had a trip to make down on the creek before he came." His testimony is contradicted in other essential features. The evidence establishes more than a motive and an opportunity to commit the crime, and was sufficient to take the case to the jury.

The second ground for reversal of the judgment presents a more serious question. Appellant offered to prove by two witnesses that Mrs. Marcum, shortly before her death, had threatened to commit suicide. She said, in substance, that if it were not for leaving her afflicted daughter, Elizabeth, she would kill herself. The court excluded the evidence. In a few jurisdictions such evidence is regarded as hearsay and, therefore, not admissible, but the great weight of authority is to the effect that in prosecutions for homicide the deceased's declarations or threats indicating a suicidal disposition, if made within a reasonable time before his death, are not within the hearsay rule and are admissible unless the facts preclude the possibility of suicide. This court adheres to the majority rule. Epperson v. Commonwealth, 227 Ky.

404, 13 S. W. 2d 247; Wilkerson v. Commonwealth, 76 S. W. 359, 25 Ky. Law Rep. 780. A collection of the authorities holding that declarations of the deceased indicating a suicidal disposition are admissible in a prosecution for murder may be found in the annotation in 83 A. L. R. 434. See, also, Wigmore on the Law of Evidence, Third Edition, Volume 1, section 143. In the present case the evidence is wholly circumstantial, and it is, therefore, extremely important that all pertinent facts be received. The facts do not preclude the possibility of suicide, and proof of the declarations of the deceased, being material to the defense, should have been admitted. Its exclusion was prejudicially erroneous.

The judgment is reversed with directions to grant appellant a new trial.

Judge Thomas dissenting.