**Ben HASTY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 22, 1954.

Fritz Krueger, Somerset, John P. Allen, Mt. Vernon, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., Russell Jones, Commonwealth's Atty., Somerset, for appellee.

WADDILL, Commissioner.

Upon an indictment charging him with the murder of his wife, the appellant, Ben Hasty, was convicted of voluntary manslaughter and sentenced to seven years in prison. On this appeal he urges that the court erred in failing to instruct the jury upon the whole law of the case, because no instructions were given on self-defense and involuntary manslaughter.

The case against the appellant is based entirely on circumstantial evidence. In substance, the Commonwealth's evidence shows that on the morning of November 21, 1953, the appellant notified the law enforcement officials of Pulaski County that his wife had committed suicide. Upon investigation, the officials found the body of Mrs. Hasty on the floor of a bedroom which appellant occupied in connection with his filling station. There was a bullet wound over her left eye which had caused

instantaneous death. A pistol, from which one shot had been fired, rested upon her chest. There was blood on her face and on the wall of the room near her body.

The appellant told the investigating officers that on the occasion in question his wife came into his place of business, made an inquiry about their automobile, then proceeded into a back bedroom, returned with a pistol, and told him she was going to end it all; that he took hold of her and said: "Honey, you wouldn't kill me would you" and tried to take the gun from her; that a customer then appeared wanting gasoline and he went to wait on him; that as he re-entered the building, he heard a shot in the bedroom, and found his wife on the floor with a bullet wound in her head.

In an attempt to show a motive on the part of appellant, the Commonwealth proved by several witnesses that appellant and his wife were having some domestic difficulties and that on two occasions the appellant had made some threats against her.

The appellant admitted that he had taken one drink of whiskey on the morning in question, but stated that he had not shot his wife, nor had he injured her, nor attempted to harm her in any manner. He reiterated the statement attributed to him by the officers concerning how the tragedy occurred. He also stated that his wife had previously threatened to take her own life because she thought she had cancer.

■ Concerning the question of whether or not the appellant was entitled to an instruction on self-defense, we find that in cases of this character the court is required to give such an instruction where the evidence is wholly circumstantial, there is evidence of a struggle, and the accused fails to testify, or, although he does become a witness, he does not testify as to any facts indicating the manner in which the deceased met death. Also, if there is a justifiable inference of involuntary manslaughter from the proven circumstances, an instruction with reference thereto should be given. Benson v. Commonwealth, 290 Ky. 713, 162 S.W.2d 538;

also, see: Marcum v. Commonwealth, 305 Ky. 92, 202 S.W.2d 1012.

■ In the instant case we find no evidence of a struggle. Inasmuch as this essential factor of the pronounced rule is absent, it follows that the appellant was not entitled to an instruction on self-defense. Nor do the circumstances and proven facts leave any possible inference of involuntary manslaughter. Hence, the instructions given constituted the whole law of the case.

Judgment affirmed.