**Hubert L. RINGO, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

April 28, 1961.

Frank E. Haddad, Jr., Louisville, for appellant.

John B. Breckinridge, Atty. Gen., Troy D. Savage, Asst. Atty. Gen., for appellee.

MILLIKEN, Judge.

In June, 1959, the appellant, Hubert L. Ringo, was convicted and sentenced to life imprisonment for the armed robbery of the payroll of the Voght Brothers Manufacturing Company in Louisville in July, 1951. In the intervening years he had been imprisoned in Tennessee. Appellant preferred to represent himself at the trial after he and his lawyer had severed relations, but the trial court appointed counsel for appellant nevertheless. Appointed counsel was confined by appellant to making suggestions during the trial and is not responsible for any technical omissions or oversights the record of the trial reveals. Throughout the proceedings the judge sought to protect the appellant and in doing so inadvertently informed the jury, in answer to its question, that the appellant would be eligible for parole in about eight years if given a life sentence. He immediately tried to rectify the error by admonishing the jury: "I am not allowed to give you that information. That is a matter for the parole board to decide. Return to the jury room and decide the case under the instructions."

According to the bill of exceptions, the lawyer appointed by the court promptly "moved the court to discharge the jury and reassign the case which was overruled." There are other grounds offered for reversal of the conviction which it is not necessary to discuss, because it is the consensus of the Court that the information given the jury about parole was preju-

dicial to appellant and could not be rectified. If the jury had some doubt about the appellant's guilt—the identification of him, for example—it is easy to infer that it may have been influenced to find him guilty on the theory that he would serve only eight years, whereas if the jury had been confronted with the necessity of choosing between sentencing appellant to life imprisonment or death, as the statute authorizes (KRS 433.140), it might have considered its doubts to be more serious and failed to convict the appellant.

The judgment is reversed.