James E. BROWN, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 10, 1969.

Benjamin F. Shobe, Stuart L. Lyon, David Kaplan, Louisville, for appellant.

Robert Matthews, Atty. Gen., James H. Barr, Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

This appeal is from a judgment imposing the death penalty upon a verdict finding the appellant guilty of murder. The verdict fixed the penalty at "death with clemency" but the trial court treated the words "with clemency" as being surplusage. Under the particular circumstances of this case we are of the opinion that it was error for the court to accept such a verdict.

After the case was submitted to the jury and it had spent some time in deliberation it asked to be brought before the court and the following conversation took place:

"JUROR: Your Honor—

BY THE COURT: Yes sir.

JUROR: The jury has a couple of questions that they would like clarified.

BY THE COURT: All right, sir.

JUROR: What does life imprisonment entail, what does it mean?

BY THE COURT: So far as the jury is concerned it is life. Uh—I don't think that I should tell you.

JUROR: All right, the second question: Can the jury—uh—render a decision of life without parole?

BY THE COURT: Not in this case you can't. I may say this, that's only permissible in the charge of rape and not under the charge that you are hearing, are trying.

JUROR: You feel that the jury should not know the—uh—

BY THE COURT: (Interposing) I don't think I should.

JUROR: All right, I'll ask you one more question. Uh—with this at life, would the defendant be eligible for parole in 8 years?

BY THE COURT: (After pausing) I'll say this, a defendant who is convicted and sentenced for life is subject to parole, under the laws of the Commonwealth of Kentucky, as they are of today, promulgated by the Parole Board under their regulations. He could be considered for parole the minute, the very minute, that he enters the institution.

JUROR: Thank you. And one more, sir, and then we'd like to go back and do a little more deliberating.

BY THE COURT: Yes sir.

JUROR: Uh, what does death with clemency entail?

BY THE COURT: That's within my power and I'd rather not tell you; and I can't tell you; and I will not tell you.

JUROR: Thank you.

BY THE COURT: I have an obligation—uh—to the defendant.

JUROR: Those things might influence the decision of the jury is the reason why we came out, your Honor."

Thereafter the jury returned its verdict fixing punishment at "death with clemency".

■ The ordinary rule is that an unauthorized recommendation by the jury of "mercy" or of leniency, probation or suspension of sentence is mere surplusage and may be ignored. See Hall v. Commonwealth, Ky., 402 S.W.2d 701; 53 Am.Jur., Trial, sec. 1061, pp. 734, 735; 23A C.J.S. Criminal Law § 1407, pp. 1100, 1101. However, as is the case with most rules, there are exceptions. If it appears that the jury might not have returned a verdict of guilty if it was not believed by them that the recommendation would be given effect, or if the recommendation is stated in such form that it appears that there was no agreement as to the verdict unless the recommendation be accepted, or if the recommendation renders the verdict ambiguous, it is error for the court to accept the verdict. See 23A C.J.S. Criminal Law § 1407, pp. 1102, 1103.

■ In the instant case when the verdict is considered with the questions asked the court by the jury it is apparent that the jury desired to impose a sentence of life imprisonment without parole, and having been advised by the court that they could not do so, they seized upon the idea that their desire could be accomplished through a commutation of the death sentence by the Governor upon their recommendation of clemency. The indications are strong that the jury did not desire or intend that the defendant be executed. Even without the indications from the questions which the jury asked the court the verdict itself is ambiguous, in that it cannot be determined with any degree of certainty whether the words "with clemency" constituted an absolute qualification or condition or merely indicated a recommendation. We are persuaded that to give effect to a verdict imposing the ultimate of penalties—death—the verdict should be clear and unqualified.

We are reversing the judgment because of error of the trial court in its acceptance of the verdict. We consider the error to be of such materiality (this being a death case) as to require a reversal of the judgment even though no objection was made to acceptance of the verdict and the motion

and grounds for a new trial did not assert the irregularity of the verdict. See Smith v. Commonwealth, Ky., 366 S.W.2d 902.

Other grounds of error are raised which require comment in light of the possibility that they might arise again on another trial.

■ As will be observed from the quotation hereinbefore of the conversation between the jury and the trial court, the court told the jury that the defendant could be paroled if given a life sentence. The matter of parole is beyond the province of the jury to consider. See Ringo v. Commonwealth, Ky., 346 S.W.2d 21. If the jury makes any inquiry of the court concerning parole the court should simply and solely respond that the functions of the jury are to determine guilt or innocence under the evidence and the instructions, and if a finding of guilt is made, to fix the punishment in accordance with the instructions, and that the subject of parole is not to be given any consideration by them in performing their functions. Upon another trial the court will so respond to any such inquiry.

In closing argument the Commonwealth's attorney stated that it was common knowledge that "90 percent of the killings in this community * * * is Negro killing Negro." We are not required to determine whether this argument is of prejudicially erroneous character but we give notice that we consider it improper, as invoking irrelevant considerations.

■ The contention is made that the appellant was entitled to a self-defense instruction. All of the physical facts, including the presence of three bullet holes in the dead man's back and two in the side, and the testimony of three eyewitnesses, completely refute the appellant's theory that the deceased was "reaching in his pocket." Under these circumstances a self-defense instruction was not required. See Ferrell v. Commonwealth, 176 Ky. 330, 195 S.W. 495;

Thorpe v. Commonwealth, Ky., 301 Ky. 541, 191 S.W.2d 572.

■ The appellant maintains that it was error to admit his confession in evidence because he was not given the "Miranda warnings" prior to the making of the confession. See Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. It is true that the recitation in the written confession document, of the giving of warnings, appears about in the middle of the document, thus suggesting that the warnings were not given until after part of the confession had been made. But as we read the testimony of the officer who took the confession he said that the warnings were given before the confession was begun to be made. It is true also that the warnings did not include the one that if the defendant could not afford an attorney one would be appointed for him prior to any questioning if he so desired. However, the defendant had told the police that he owned a building in which there was a tavern of which he was the manager and thus he classified himself as a person who could afford an attorney. *Miranda* says that under those circumstances the warning with reference to appointment of counsel need not be given. We conclude, therefore, that the confession properly was admitted.

■ Appellant's final argument relates to the introduction of some of the bloody clothing of the deceased, and photographs of the back of the deceased, showing three bullet holes. The Commonwealth's attorney requested the defense to stipulate that there was no dispute as to the point of entry of the bullets, but the defense declined to so stipulate. The clothing and pictures were competent on this question. Though not particularly pleasant to the eye they were not gruesome. It was not error to admit them.

The judgment is reversed with directions for further proceedings in conformity with this opinion.

All concur.