James Dale **FRIZZELL**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 14, 1974.

Anthony M. Wilhoit, Public Defender, J. Vincent Aprile, II, and Timothy T. Riddell, Asst. Public Defenders, Frankfort, for appellant.

Ed W. Hancock, Atty. Gen., Peter C. MacDonald, Asst. Atty. Gen., Frankfort, for appellee.

JONES, Justice.

The appellant, James Dale Frizzell, was indicted by the Graves County Grand Jury charging him in Count No. 1 with the offense of storehouse breaking, KRS 433.-190; and in Count No. 2, forgery, KRS 434.130. He was convicted on Count No. 1 and sentenced to three years in the state penitentiary, and was convicted on an amended charge in Count No. 2, of uttering a forged instrument, and sentenced to five years in the state penitentiary.

On appeal, Frizzell first contends that the trial court erred in granting the motion of the Commonwealth's Attorney to amend Count No. 2 of the indictment from the offense of forgery to the charge of uttering a forged instrument. The record reveals that on the day of the trial, but prior to the actual trial proceedings, the Commonwealth's Attorney moved to amend Count No. 2 from forgery to uttering a forged instrument. This motion was sustained over the objection of Frizzell.

The Attorney General concedes error in the amendment of the indictment. RCr 6.-16 provides that: "the court may permit an indictment or information to be amended any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." This court has held

that forgery and uttering a forgery are different offenses. Flaugher v. Commonwealth, Ky., 279 S.W.2d 775 (1955).

■ We conclude that it was error to allow the amendment. The conviction on the charge of uttering a forged instrument is reversed.

■ Frizzell's next contention of error is the admission of an out-of-court confession made by Frizzell without establishing its voluntariness, according to the standards set forth in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). We find no merit in this contention because the voluntary nature of the confession was never questioned at the trial. Frizzell sought to exclude the confession as introduced by the deputy sheriff, on the ground that it was hearsay. If Frizzell had properly presented the question as to the voluntariness of the confession, it would have been incumbent upon the trial court to determine the voluntary nature of the confession out of the presence of the jury. Bradley v. Commonwealth, Ky., 439 S.W.2d 61 (1969). However, since the issue of voluntariness of the confession was not presented to the court and since no evidence was presented that the statements were involuntary, the confession was admissible. Roberson v. Commonwealth, Ky., 490 S.W.2d 733 (1973).

■ The next contention by Frizzell is that the trial court erred in denying his motion for a directed verdict. He argues that there was insufficient evidence to corroborate the confession. Evidence was presented that there had been a breaking and entering of the Consolidated Novelty Company. The manager testified that there had been an attempt to enter the front door and that a wall had been broken open by removing louvers from a ventilation system. He further testified that a number of checks had been stolen. There was evidence that at least one of a number of the stolen checks was in the possession of Frizzell. He cashed one of the forged checks at a Kroger Grocery Store. The possession of the stolen check, coupled with the evidence of the breaking into the Consolidated Novelty Company, and Frizzell's confession were more than adequate for the trial court to submit the issue to the jury. We find no error by the trial court in refusing to direct a verdict on the charge of storehouse breaking.

■ Finally, Frizzell argues that the trial court committed prejudicial error when it failed to instruct the jury as to the necessity of corroborating his out-of-court confession. There is no merit in this contention. Frizzell made no objection to the instructions as given by the trial court, nor did he offer an instruction on corroboration. Therefore, this issue was not preserved for review. RCr 9.54(2); Baker v. Commonwealth, Ky., 465 S.W.2d 305 (1971).

The judgment of the Graves Circuit Court is affirmed as to the charge of storehouse breaking and reversed as to the charge of uttering a forged instrument.

All concur.