Matthew K. HOUSTON and Carl Houston, Appellants,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 17, 1977.

Rehearing Denied Aug. 12, 1977.

Henry E. Hughes, Thomas H. Burnett, Henry S. Johnson, Lexington, for appellants.

Robert F. Stephens, Atty. Gen. by Miles H. Franklin, Asst. Atty. Gen., Frankfort, for appellee.

Before HAYES, HOWARD and WINTERSHEIMER, JJ.

HAYES, Judge.

Matthew K. Houston and his father, Carl, were convicted in Fayette Circuit Court of Assault (KRS 508.040) upon a Lexington, Kentucky, police officer, and each was sentenced in accordance with the jury verdict to two (2) years in the penitentiary.

The issues involved on appeal are whether there was sufficient evidence to submit the case to the jury and whether instruction designated as number eleven (11) was proper. We answer both questions in the affirmative and affirm the judgment.

The appellant, Carl Houston, Jr., is a cattle rancher with a 560 acre farm in Fayette County. After a day of chores at the ranch, Carl, his two sons, the appellant, Matthew K., and Larry, and friends, Gary Isaacs and Kenneth Crowe, arrived at the Inn-Between Lounge, at about 8:30 p. m. About thirty (30) minutes later, as a result of the bartender not serving one of the crew because he was too young, the Inn-Between Lounge was a shambles. Tables were overturned and the doors to the establishment were almost kicked off the hinges. The crew denied the bartender the use of the telephone, so she could not call the law. The victim, Jack White, an off duty city policeman, was working next door to the tavern as a security guard. Someone advised him of the ruckus at the tavern and asked for his assistance. He went to the tavern parking lot where he encountered Isaacs and Larry Houston. From this point on the testimony is conflicting as to who started the fight and who stabbed Officer White, but generally it was established that White and Isaacs struggled as White was attempting to arrest Isaacs. The end result was that White was stabbed in the back by someone he did not see. There was testimony that while White and Isaacs were fighting on the ground, someone unknown grabbed White from behind. White was also hit and kicked in the face by someone in a yellow hat. White never saw Isaacs with a knife nor did he see Larry Houston with one. White testified that in his opinion, either Matthew K. Houston or Isaacs stabbed him.

A knife was found at the scene and it was later identified as one belonging to Carl Houston. Matthew K. Houston admitted to the police that he was the one who kicked and hit White, but denied stabbing him. He also had a knife. No knife was found on Isaacs or Larry Houston.

The trial court gave instructions on Assault, First and Second Degree, and all possible combinations of principal, aider and abettor and accomplice instructions since it was unknown who actually stabbed White.

The record contains sufficient evidence placed before the jury to sustain the verdict. Generally, the jury will not be allowed to determine guilt or innocence based upon evidence submitted to them unless first the trial judge believes a verdict of guilty would be a reasonable one. What kind and amount of evidence this would require has been determined by the Kentucky Court of Appeals.

First, we have the "Scintilla Rule" as stated in *Harlan v. Commonwealth*, 253 Ky. 1, 68 S.W.2d 443 (1934). This rule was abolished and in *Carpenter v. Commonwealth*, 287 Ky. 819, 155 S.W.2d 240 (1941) the rule was formulated that if the verdict was so flagrantly against the evidence as to shock the conscience or lead to the conclusion that the verdict was a result of passion or prejudice rather than the considerate deliberation of the jury, then the evidence would not sustain the verdict.

Then, in 1959, in the case of *Turner v. Commonwealth*, Ky., 328 S.W.2d 536

(1959) the court said that circumstantial evidence alone is sufficient to sustain a conviction, provided the circumstances are so unequivocal and incriminating as to exclude every reasonable hypothesis of innocence, but if the circumstantial evidence is as consistent with innocence as with guilt then the evidence is insufficient to sustain a verdict of guilty. This is the rule of law the appellants would have this court apply. However, we apply the law as it is stated in *Hodges v. Commonwealth*, Ky., 473 S.W.2d 811 (1971).

In *Hodges, supra*, the court stated:

If the totality of the evidence is such that the judge can conclude that reasonable minds might fairly find guilt beyond a reasonable doubt, then the evidence is sufficient, albeit circumstantial. If the evidence cannot meet that test, it is insufficient. Cf. *United States v. May*, (CA6) 430 F.2d 715 (1970).

This rule of law has since been followed in *Carmen v. Commonwealth*, Ky., 490 S.W.2d 744 (1973).

■ In the instant case, the evidence was of a brawl between Officer White and a friend of his on the one side, and the Houstons and Isaacs on the other side. The appellants were participants and the failure to identify the one doing the actual stabbing was immaterial as to their joint guilt where they all participated in the affray and acted in concert, *Maloney v. Commonwealth*, 305 Ky. 549, 204 S.W.2d 939 (1947). In *Maloney*, the victim was assaulted by four (4) defendants and one cut the victim with a knife. The trial court instructed that the jury could find each defendant guilty as a principal and the others as aiders and abettors. This brings us to the second issue raised by the appellants.

■ The only objection the appellants have to the court's instruction number eleven (11) is that it permits the appellants to be convicted as principals or accomplices when there was no evidence that they were either. In other words, the objection is not as to form but that the evidence did not support such an instruction.

Instruction number eleven (11) reads as follows:

If you believe from the evidence beyond a reasonable doubt that either one or both of the defendants, Carl Houston and Matthew Kenny Houston, is guilty under one or another of Instructions No. 7, No. 8, No. 9, or No. 10 of Count III but are unable to identify which of the defendants or Gary Lee Isaacs or Anthony Lawrence Houston stabbed Jack White, then you shall find that defendant or those defendants whom you believe to be guilty under one or another of those instructions, guilty under this instruction.

We believe the trial court had sufficient evidence before it to give instruction number eleven (11), *Maloney v. Commonwealth, supra*.

The Court of Appeals in *Thorpe v. Commonwealth*, 301 Ky. 541, 191 S.W.2d 572 (1945), a homicide case, stated that where there is no eyewitness to testify the trial court should instruct on murder and manslaughter, indicating that if there are no eyewitnesses to the actual act constituting the crime, the trial court should give the jury instructions on *all* the law applicable to all possibilities, subject, however, to the limitations of *Shannon v. Commonwealth*, Ky., 460 S.W.2d 346 (1970), which stated that instructions permitting a conviction upon a theory not sustained by the evidence may be prejudicial and constitute reversible error.

Instruction number eleven (11) must be read with all the other instructions given. The trial court instructed the jury in numbers one (1) through four (4) on each appellant as to first degree assault resulting in serious physical injury, KRS 508.010. The court instructed under numbers seven (7), eight (8), nine (9) and ten (10) on each appellant as to assault under extreme emotional disturbance, KRS 508.040. Instruction number five (5) referred back to the first four instructions and instruction number eleven (11) referred back to number seven (7) through ten (10). Both instruction number five (5) and eleven (11) are patterned after Palmore, *Kentucky Instruc-*

*tions to Juries*, Sec. 11.09. Other instructions were given that are not pertinent to this appeal. When the instructions are considered in toto, we believe instruction number eleven (11) states the law applicable to the facts in a form capable of being clearly and easily understood by the jury, *Turner v. Commonwealth*, Ky., 328 S.W.2d 536 (1959).

The judgment is affirmed.

All concur.