Henry GREEN, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Supreme Court of Kentucky.

Oct. 7, 1977.

Rehearing Denied Nov. 18, 1977.

Jack E. Farley, Public Defender, Rodney McDaniel, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., Patrick B. Kimberlin, III, Asst. Atty. Gen., Frankfort, for appellee.

JONES, Justice.

Henry Green, age 29, appeals from a judgment sentencing him to life imprisonment without the privilege of parole pursuant to a jury verdict finding him guilty of the rape of Elizabeth Wallace, age 93. (KRS 435.090). Henry is not satisfied with the result and prosecutes this appeal. This court notes that trial counsel and appellate counsel are not the same. A local attorney represented Henry at trial; the public defender represents him in this appeal.

Henry raises nine issues on this appeal:

1. The evidence was insufficient to sustain his conviction;

2. The prosecution failed to prove beyond a reasonable doubt every fact necessary to constitute the crime charged;

3. The trial court erred in ruling that essential elements of the crime of rape beyond a reasonable doubt had been proven;

4. The trial court should have postponed the trial to conduct a hearing to determine his competency to stand trial;

5. The trial court should have informed the jury upon its request when Henry would be entitled to parole on a life sentence or on a sentence of 10 to 20 years;

6. He was denied effective assistance of counsel;

7. The punishment of life imprisonment without parole violates the 8th and 14th amendments to the U. S. Constitution because,

(a) its rare and severe character;

(b) rejection in contemporary society;

(c) lack of penological justification;

(d) excessive and disproportionate.

8. The penalty of life without parole for rape was wantonly and freakishly imposed upon him;

9. The trial court failed to follow the mandatory procedure of KRS 532.050 and KRS 533.010.

So that the questions presented may be properly resolved, it is necessary to relate some of the sordid facts as reflected by the evidence.

On July 27, 1974, Elizabeth Wallace, 93 years of age, lived in the home of her sister-in-law, Alberta Lane. Mrs. Wallace was incompetent and Alberta had been previously appointed her legal guardian. Alberta's daughter, Jean Maxwell, and her baby also lived in the three-room house on Kirkham Square in the city of Hopkinsville.

At approximately 7 P.M. on July 27, 1974, Alberta and her daughter left Mrs. Wallace at home and went nearby to shop for groceries. When they returned Jean ran into the house with the groceries. She detected the odor of alcoholic beverages and heard mumbling from Mrs. Wallace's bedroom. When she looked in upon Mrs. Wallace she observed Henry Green on top of Mrs. Wallace and heard him saying, "Come on." Mrs. Wallace was responding, "No." Jean ran outside and told her mother. Alberta rushed to the bedroom and observed Henry on top of Mrs. Wallace. She heard Mrs. Wallace say, "Don't do that." Alberta then dropped to her knees in fear and called on the name of "Jesus." Henry then rolled off Mrs. Wallace. Alberta observed Henry's pants unzipped and saw his erect penis. Mrs. Wallace's panties were off and her dress had been pulled up. Alberta and Jean went to a neighbor's home where they called the police.

Officers Tynes and Taylor of the Hopkinsville Police Department arrived and entered Alberta's house. As they approached Mrs. Wallace's bedroom they observed Henry get up off her bed, place his penis in his pants and pull up his zipper. They saw traces of blood on Henry's shirt where it tucked into his pants, on his pants near the zipper, and on the flap of his undershorts. Later, Sgt. Darnell arrived at the scene and asked Henry what was going on. Henry responded that nothing was wrong and that he was just there talking. He told Sgt.

Darnell that he didn't need the police and told them to leave. Henry, when arrested and charged with rape, denied he raped Mrs. Wallace. He told the officers that he had loaned Mrs. Wallace $15.00, which she refused to pay. Henry talked coherently and appeared to understand what the officers told him.

As the custom is in many of the cases that come to this court, Henry remembered everything that happened on July 27, 1974, until 3:30 P.M. the day of the crime. Thereafter he went blank and remembered nothing. According to his testimony, he regained consciousness when he was placed in jail.

Shortly after the officers arrived at Alberta's home, Elizabeth Wallace was examined by Dr. Phillip C. Brooks. Dr. Brooks testified that there was a tear of Mrs. Wallace's vagina, that sperm was in the secretion, and that she had recently had sexual contact. He also testified that blood was in the vagina and that he observed blood on Mrs. Wallace's panties.

■ There is no merit to Henry's argument that the evidence was insufficient to sustain his conviction. No motion was made for a directed verdict either at the close of the Commonwealth's evidence or at the close of all the evidence. Until the trial court's attention is directed to a matter and he has the opportunity to rule on it, there is no error. This court, as well as counsel, has consistently referred to a situation such as this as "a failure to preserve the error for appellate review." Because of the overwhelming evidence of Henry's guilt, it is inconceivable that the trial court would have granted such a motion. It borders on the fringes of absurdity for the public defender to make such an assertion.

Henry's argument that the prosecution failed to prove beyond a reasonable doubt every fact and element necessary to constitute the offense of rape is frivolous. There was no error by the trial court, because the matter was not submitted to him for a

ruling. It is apparent that this alleged issue was not raised at the trial level because defense counsel recognized it was an issue that did not merit an objection.

Henry's complaint that the trial court's instructions were incorrect is unfounded. No objection was made to the instructions given, nor did trial counsel tender instructions as to the theory now advanced by the public defender. Hence, there was no error. *Frizzell v. Commonwealth*, Ky., 511 S.W.2d 200 (1974).

■ There was a total absence of grounds to warrant the trial court to order a mental competency hearing. The trial court granted one continuance and issued an order committing Henry to a mental institution for psychiatric examination. This was done in response to representations that Henry was of unsound mind. Henry remained in a psychiatric institution from October 11, 1974, to November 26, 1974. The medical report indicates that Henry's memory was good. There was no mental disorder. The doctors' report to the court was that Henry was competent to stand trial and to assist in his defense. Furthermore, Henry exhibited no bizarre behavior such as to warrant the court to conduct a competency hearing.

■ The trial court recognized this court's holding in *Brown v. Commonwealth*, Ky., 445 S.W.2d 845 (1969). In response to a juror's question concerning when parole consideration would be given, the trial court handled the matter with grace and dignity and in conformity with the holding in *Brown*, supra. He quoted from *Brown*, supra, as follows:

"As will be observed from the quotation hereinbefore of the conversation between the jury and the Trial Court, The Court told the jury the defendant could be paroled under certain circumstances." Now, the Court goes on to say this: "The matter of parole is beyond the province of the jury to consider. If the jury makes any inquiry of The Court concerning parole The Court should simply and solely respond that the functions of the jury are to determine guilt or innocence under the evidence and the instructions and if a finding of guilt is made to fix the punishment in accordance with the instructions and that the subject of parole is not to be given any consideration by them, in performing their functions."

Had he advised the jury as to matters concerning parole, it would have been an error.

■ The issue of ineffective assistance of counsel is raised for the first time in this appeal. There was no error because the trial court was not aware of such complaint during the course of the trial. It is noted that the trial court commented on the competence of Henry's trial counsel. The truth of the matter is that he had to work with the tools he had. Because of the nature of the sordid evidence, and Henry's fading memory, the "tricks of the trade" were sparse. Under the facts of this case, it is doubtful that a combination of Percy Foreman, F. Lee Bailey and other great legal lights of criminal law could have helped Henry Green in better fashion than Carol Johnson, his trial counsel.

■ The numerous arguments of the public defender that the penalty of life without privilege of parole is unconstitutional falls on deaf ears. The public defender's philosophical dissertation that the penalty is rare and severe in character; that it has been rejected in contemporary society; that there is no penological justification for the penalty; that it is excessive and disproportionate to the offense and that it constitutes cruel and unusual punishment, should be incorporated in a book on Criminal Behavior—Its Ills and Cures. Furthermore, this court has upheld the constitutionality of the penalty of life without benefit of parole for the conviction of rape under KRS 435.090. See *Edwards v. Commonwealth*, Ky., 500 S.W.2d 396 (1973).

There is no merit to Henry's argument that this court should vacate the judgment and remand the case to the circuit court for resentencing under the provisions of KRS 532.050 and 533.010.[1] Henry was indicted, tried and convicted under the provisions of KRS 435.090, which provided a maximum penalty of life without privilege of parole. The offense for which Henry was charged occurred July 27, 1974. The presentencing statutes under the Penal Code do not apply to this case. It is true that Henry was tried after the Penal Code became effective. In light of the penalty fixed by the jury, the trial court had no alternative but to impose sentence in conformity with the jury's verdict.

This court is of the opinion that Henry had a fair and impartial trial by a jury that he selected. The jury heard the evidence. It was properly instructed on the law. The jury returned its verdict. The trial court imposed sentence in conformity with that verdict. This court is not willing to substitute its judgment for that of the jury and the trial court. To do so would usurp their respective functions.

The court is of the opinion that the judgment should be and it is affirmed.

All concur.

---

1. The effective date of the Penal Code was January 1, 1975. KRS 500.040(1).