Larry Dale **COLLETT**, Appellant,

v.

**COMMONWEALTH of Kentucky**, Appellee.

Court of Appeals of Kentucky.

Dec. 28, 1984.

Discretionary Review Denied and Case Ordered Published by Supreme Court April 4, 1985.

Larry H. Marshall, Asst. Public Advocate, Dept. of Public Advocacy, Frankfort, for appellant.

David L. Armstrong, Atty. Gen., John S. Gillig, Asst. Atty. Gen., Frankfort, for appellee.

Before CLAYTON, HOWERTON and REYNOLDS, JJ.

CLAYTON, Judge.

On September 13, 1983, Larry Dale Collett was convicted of knowingly receiving stolen property in violation of KRS 514.110, and sentenced to eighteen months' imprisonment. The following day, September 14, 1983, he entered a plea of guilty to a first-degree persistent felony offender count in exchange for a prosecution recommendation of ten years on the enhanced charge. Five days later, judgment was entered sentencing Collett to ten years without parole. This appeal followed.

Collett raises two arguments for reversal. His primary contention is that, given the nature of the underlying crime and his prior felony convictions, a ten-year mandatory sentence constitutes cruel and unusual punishment under the eighth and fourteenth amendments to the United States Constitution. He also maintains that the trial court erred to his substantial prejudice, and denied him due process, when in response to the jury question,

If the defendant is found guilty, and we agree on a time of confinement, will he serve that full time, or is that time subject to probation?

the trial court responded simply, "I cannot answer this question."

With respect to this second issue, Collett points to the language of *Brown v. Commonwealth*, Ky., 445 S.W.2d 845, 848 (1969), indicating that the trial court in his case was required to instruct the jury in substantially similar language. That language states,

If the jury makes any inquiry of the court concerning parole the court should simply and solely respond that the functions of the jury are to determine guilt or innocence under the evidence and the instructions, and if a finding of guilt is made, to fix punishment in accordance with the instructions, and that the subject of parole is not to be given any consideration by them in performing their functions.

*Id.* at 848.

Absent such a response, Collett concludes that the trial court's answer impermissibly permitted the jury to speculate on matters of parole.

For several reasons we cannot agree. First we note that Collett has specifically failed to preserve this issue for appellate review. The record reveals that at the time of the trial court's response defense counsel was directly asked if he had any objections to such an answer. Counsel responded that he did not. Kentucky Rule of Criminal Procedure 9.22 requires a party to render a timely and appropriate objection in order to preserve an issue for review. By his failure to object, Collett has waived this allegation of error. *See Blanton v. Commonwealth*, Ky., 429 S.W.2d 407, 410 (1968) (failure to request ruling on court's response to jury question regarding parole precluded appellate re-

view of the court's response to the question).

■ Assuming, solely for the sake of argument, that Collett had properly preserved this issue for review we still could not accept his interpretation of *Brown, supra,* or its progeny, *Green v. Commonwealth,* Ky., 556 S.W.2d 684 (1977). For while *Green* may well applaud the use of the quoted language in *Brown* in response to jury speculation on parole, it does not require such language to be echoed in every instance where the jury chooses to so speculate. Error, if it occurs, results from the court advising the jury as to such matters and not in the extent of its response refusing to render such advice.

Collett's main argument is, in sum, that his enhanced sentence as a persistent felony offender in the first degree is so disproportionate to the seriousness of the underlying offense and so grossly excessive that it amounts to cruel and unusual punishment in violation of the eighth and fourteenth amendments to the United States Constitution and Section 17 of the Kentucky Constitution. The underlying offense and all of his prior felonies, Collett points out, involved nonviolent crimes against property. Had he not been charged with being a persistent felony offender, appellant notes that he would have been eligible for parole in four months on the original eighteen-month sentence he was given for receiving stolen property over $100. To now be imprisoned for a mandatory ten-year sentence, when "even a 'mass murderer', who does not receive a death sentence, is eligible for parole after eight years" would supposedly violate the principle of proportionality as discussed in *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). This violation is argued to be especially apparent in light of the ineligibility of Collett for parole and the language of *Rummel v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 1142–43, 63 L.Ed.2d 382 (1980), indicating that the potential for reducing a defendant's sentence of imprisonment by good time credits and parole must be assessed in determining the severity of the punishment imposed.

■ Again, we disagree. The enhanced sentence of imprisonment received by Collett, while admittedly severe, is not so grossly disproportionate to the seriousness of the underlying crime and prior felonies as to involve the prohibition against cruel and unusual punishment. As *Solem v. Helm, supra,* has recognized, successful challenges, outside the context of capital punishments, to the proportionality of particular sentences are exceedingly rare. *Solem,* 463 U.S. at ——, 103 S.Ct. at 3009, 77 L.Ed.2d at 649. The interest of the Commonwealth of Kentucky as expressed in KRS 532.080, indeed the interest of all states with recidivist statutes, is to deal in a harsher manner with those individuals who by their repeated criminal acts have proven themselves unwilling to conform their conduct to societal norms as expressed in the criminal law. To this end, the Supreme Court of the United States has commented that "... a state is justified in punishing a recidivist more severely than it punishes a first offender." *Id.* 463 U.S. at ——, 103 S.Ct. at 3013, 77 L.Ed.2d at 653. To determine whether that punishment exceeds constitutional limits, it is necessary to apply the eighth amendment's portionality analysis as guided by the objective criteria mentioned in *Solem, supra,* to wit,

(i) The gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions.

As to the gravity of the underlying offense and prior felonies, it is readily accepted that none of the numerous crimes Collett committed involved violence against the person of another human being. However, a brief review of the offenses and penalties received reveals that Collett's crimes taken in their totality were neither petty nor inconsequential. Collett has two prior felony convictions for the crime he now stands convicted of, receiving stolen

property in excess of $100 value; June 23, 1976, conviction on four counts for which he received a three-year concurrent sentence on each count, and a separate June 23, 1976, conviction on one count for which he received a concurrent sentence of three years' imprisonment. The appellant also has been convicted of theft by unlawful taking over $100 and being a persistent felony offender in the second degree, for which he was sentenced to seven years' confinement on December 5, 1979. Prior to that conviction, he was sentenced to two years' imprisonment for second-degree escape in June of 1977. Then on February 6, 1976, Collett was convicted of grand larceny auto and removing an automobile serial number for which he was sentenced to one year of confinement. Finally, in April of 1970, he was convicted of transporting a stolen motor vehicle in interstate commerce and sentenced to an indeterminate period under the Federal Youth Corrections Act. In total, Collett has previously received sentences amounting to sixteen years of imprisonment for his supposedly petty property crimes. Thus while it is true that he has not committed murder, nor raped or maimed, he has engaged in an extended series of repetitive crimes indicating a serious disregard for the personal property of others. As a result of his criminal history, Collett was sentenced to ten years without parole. Under KRS 532.080(6)(b), Collett might well have been sentenced to twenty years, though granted he would have been eligible for parole following the first ten years of service. Thus, on the balance, we believe that the first of the objective criteria of *Solem, supra,* regarding the gravity of the offense and the harshness of the penalty falls in favor of the Commonwealth as his crimes against property were extended and repetitive and his sentence less harsh than possible under the statute.

As for sentences imposed on other criminals in the Commonwealth, KRS 532.-080(6)(b) provides that where the underlying offense an individual is convicted of is a class C or D felony, a person found to be a persistent felony offender in the first degree is to be sentenced to an undetermined term of imprisonment of not less than ten years nor more than twenty. Included among the two mentioned catagories of felonies are such property-related offenses as: second and third degree burglary, KRS 511.030 and KRS 511.040; arson in the second and third degree; KRS 513.030 and KRS 513.040; theft by unlawful taking of property worth $100 or more, KRS 514.030; theft by deception of $100 or more, KRS 514.040; theft of property of $100 or more, KRS 514.050; and theft by failure to make a required disposition of property of $100 or more, KRS 514.070. Each of these property-related felonies is considered by the legislature to be sufficient to support imposition of the penalties of KRS 532.080(6)(b). Therefore, sentences imposed on other persistent felony offenders whose underlying crimes were merely nonviolent property-related felonies can be and are similar to that imposed on Collett. His punishment is no harsher than any of the others.

Finally, as to sentences imposed for commission of the same crime, a primary example of the wide-spread nature of recidivist statutes with similar or harsher penalties for prior felonies relating to property crimes is found in *Rummel v. Estelle, supra,* wherein the Supreme Court of the United States upheld a prisoner's conviction and life sentence for obtaining $120.75 by false pretenses. The prisoner in *Rummel* had previously been convicted of fraudulent use of a credit card to obtain $80 worth of goods or services and passing a forged check in the amount of $28.36 and was thus sentenced under the Texas recidivist statute. Texas Penal Code An. § 12.-42(d) (1974). While Rummel was eligible for parole, unlike the present case, he was not eligible until he had served a minimum of twelve years, two years more than Collett is required to serve. Thus, this third objective criteria, as well as the initial two, supports the imposition of Collett's ten-year mandatory sentence.

The judgment of the Jefferson Circuit Court is affirmed.

All concur.