COMMONWEALTH of
Kentucky, Movant,

v.

Richard Owen MESSEX, Respondent.

Richard Owen MESSEX, Cross-Movant
and Respondent,

v.

COMMONWEALTH of Kentucky,
Cross-Respondent and Movant.

Nos. 86–SC–929–DG, 87–SC–30–DG.

Supreme Court of Kentucky.

Sept. 24, 1987.

David L. Armstrong, Atty. Gen., Michael L. Harned, Daniel E. Cohen, Asst. Attys. Gen., Frankfort, for movant and cross-respondent.

Frank W. Heft, Jr., J. David Niehaus, Louisville, for respondent and cross-movant.

GANT, Justice.

On direct appeal, the sole issue raised is whether the failure of the court to admonish the jury on one occasion, pursuant to RCr 9.70, is reversible error even though it was unpreserved by contemporaneous objection.

In this case, Messex was indicted for and convicted of theft and given a sentence of one year *on that charge.* He was also indicted as a persistent felony offender in

the first degree, and trial was held thereon, pursuant to the Criminal Rules. He was also convicted of PFO I and his sentence enhanced to 15 years. The error charged in the direct appeal, in the failure to admonish the jury, occurred during the PFO stage of the trial.

The record discloses that the trial was rather brief, the evidence on the primary charge being completed just before noon. At this juncture, the court admonished the jury not to talk with anyone or permit anyone to talk with them about the case; to report anyone who might attempt to talk with them about the case; and not to discuss the case among themselves or come to any conclusions about the case. The jury reconvened at 1 p.m. and reached its verdict in about one hour. The jury was then informed they would hear evidence on the PFO I charge. A recess was taken, and proper admonition was again given. After about one hour of evidence, the court again recessed and again admonished the jury. At the conclusion of all the evidence, about 45 minutes later, the court again recessed to prepare instructions, and for the fourth time gave its admonition.

Some ten minutes later, the court reconvened the jury and advised them that it would require another 40 minutes to prepare the instructions, giving the jurors the option of staying or reconvening the following morning. The jurors chose to reconvene, and at this point were discharged for the evening. No admonition was given, and no objection was made at that time or at any other time during the trial of this case.

On the following day, the jury found Messex guilty of being a persistent felony offender in the first degree and fixed his sentence *on that charge* at 15 years. On appeal, the Court of Appeals reversed the conviction of PFO I on this failure to admonish the jury a fifth time. We reverse.

 The majority of the panel on the Court of Appeals chose to ignore or sought to avoid numerous decisions of this court holding that, in the absence of some showing of misconduct, substantial compliance with RCr 9.70 will suffice. *See Schweinefuss v. Commonwealth,* Ky., 395 S.W.2d 370–375 (1965), and *Leigh v. Commonwealth,* Ky., 481 S.W.2d 75 (1972). That panel further held that RCr 9.24—the rule pertaining to harmless error—does not apply to appellate courts, this in spite of the fact that "harmless error" has been utilized by the Court of Appeals and this court countless times since the amendment of Rule 9.24 in 1981. In writing on this subject, the court seized upon a definition found in RCr 1.06(c), defining the word "court." This construction and definition have no application in RCr 9.24, and the ruling ignores RCr 1.02, which provides "These Rules govern procedure and practice in all criminal proceedings in the Court of Justice."

 In light of the four admonitions, the last of which was given only ten minutes before discharging the jury for the evening, and the failure to object, we find no reversible error.

 The issue presented on cross-appeal is that the sentence of 15 years is so grossly disproportionate to the crime herein that it constitutes cruel and inhuman punishment in violation of the federal and state constitutions. Cross-movant refers us to the standards set out in *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), but ignores the fact that the sentence on the underlying crime of theft was merely one year. The 15–year sentence was levied on Messex's status as a persistent felony offender, not upon the theft itself. *Cf. Collett v. Commonwealth,* Ky. App., 686 S.W.2d 822 (1984). We agree with the Court of Appeals in its opinion that, in light of Messex's long record, the sentence herein did not constitute cruel and inhuman punishment.

We reverse the Court of Appeals on its holding in setting aside the 15–year sentence on the PFO charge and remanding for a new trial, and reinstate the judgment of the Jefferson Circuit Court.

All concur.