Katherine Amy BROWN, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 90–SC–111–DG.

Supreme Court of Kentucky.

June 6, 1991.

Rehearing Denied Dec. 19, 1991.

Elizabeth Shaw, Richmond, for appellant.

Frederic J. Cowan, Atty. Gen., Todd Ferguson, Asst. Atty. Gen., Office of Atty. Gen., Crim. Appellate Div., Frankfort, for appellee.

CHARLES J. KAMUF, Special Justice.

The primary question of law raised in this appeal is whether Appellant Katherine Amy Brown's sentence of 10 years on the PFO I conviction is so grossly disproportionate to the crime herein that it is manifestly unfair and constitutes cruel and inhuman punishment in violation of the federal and state constitutions.

■ Brown was found guilty of Theft by Deception and given a sentence of two and one-half years on that charge. The jury then found Brown guilty of being a Persistent Felony Offender in the First Degree, convicted on two prior nonviolent property-related offenses, and fixed her sentence at 10 years. While the U.S. Supreme Court and Kentucky Supreme Court have recognized that the length of a sentence imposed for a crime is purely a matter of legislative prerogative, *Rummel v. Estelle*, 445 U.S. 263, 276, 284, 100 S.Ct. 1133, 1140, 1144, 63 L.Ed.2d 382, 392, 397 (1980); *Workman v. Commonwealth*, Ky., 429 S.W.2d 374, 377 (1968), it is not without limitations.

■ Brown refers us to the standards set out in *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). The guidelines to be considered in the *Solem* test are:

(i) The gravity of the offense and harshness of the penalty; (ii) the sentences imposed on other criminals in the same

jurisdiction; (iii) the sentences imposed for commission of the same crime in other jurisdictions.

As to the gravity of the offenses and the harshness of the penalty, it is pointed out that the two property-related offenses used for the PFO I count included: (1) a conviction on March 4, 1985, for six counts of Criminal Possession of a Forged Instrument and (2) a conviction on June 18, 1984, for: (a) Theft by Deception Over $100, (b) Receiving Stolen Property Over $100, and (c) five counts of Criminal Possession of a Forged Instrument in the Second Degree. Brown's ten-year sentence for repeated property-related offenses fits the gravity of the offense. The sentence is 10 years less than the 20 year maximum allowed under KRS 532.080(6)(b). *Rummel v. Estelle, supra; Collett v. Commonwealth,* Ky.App., 686 S.W.2d 822 (1984); *Commonwealth v. Messex,* Ky., 736 S.W.2d 341 (1987). We, therefore, find the first criterion of the *Solem* test has been met.

As for sentences imposed on other criminals in the Commonwealth, Brown's sentence is similar to sentences imposed on other persistent nonviolent, property-related felony offenders in the Commonwealth under KRS 532.080(6)(b). *Collett v. Commonwealth, supra; Commonwealth v. Messex, supra.* We find the second criterion in the *Solem* test has been met.

Lastly, as to sentences imposed for the same crime in other jurisdictions, we rely on the Texas case of *Rummel v. Estelle, supra,* where the U.S. Supreme Court upheld a life sentence for recidivism based on an underlying felony conviction of obtaining $125.70 by false pretenses. The Defendant's prior felony convictions were for fraudulent use of a credit card to obtain $80.00 worth of goods or services and passing a forged check in the amount of $28.36. In *Rummel,* the Defendant was not eligible for parole until he had served a minimum of 12 years. The Texas Defendant's sentence was two years longer than the appellant's. *Rummel* is squarely on point. We find the third criterion in the *Solem* test has been met.

This same constitutional issue has been recently addressed by the Kentucky Court of Appeals in the case of *Collett v. Commonwealth, supra;* and most recently by this Court in *Commonwealth v. Messex, supra.* The facts in *Collett* and *Messex* are virtually identical to the facts of the present case. In *Collett,* the Defendant was convicted of knowingly receiving stolen property and sentenced to 18 months imprisonment. He then entered a plea of guilty to the charge of First Degree Persistent Felony Offender in exchange for the prosecution's recommendation of a 10 year sentence on the enhanced charge. Judgment was entered sentencing Collett to 10 years without parole, from which he appealed. In *Messex,* the Defendant was convicted of Theft Over $100 and given a sentence of one year. The jury then found the Defendant guilty of being a Persistent Felony Offender In The First Degree and fixed his sentence at 15 years on that charge. In *Collett* and in *Messex,* the Defendants raised on appeal the issue of whether their enhanced sentences under their PFO I convictions were cruel and unusual punishment, under the Eighth and Fourteenth Amendments of the U.S. Constitution and Section 17 of the Kentucky Constitution, given the seriousness of their underlying offenses. The Courts in both cases pointed out that the Defendants were given their enhanced sentences based on their status as persistent felons and not on the underlying offenses themselves. In *Collett,* the Kentucky Court of Appeals upheld the enhanced sentence of 10 years for a PFO I conviction. Likewise, in *Messex,* this Court upheld the enhanced sentence of 15 years. Both Courts found the sentences were not unconstitutional under the federal or the state constitutions.

Consistent with our previous ruling in *Messex,* this Court finds that the sentence in this case is not manifestly unfair and does not constitute cruel and unusual punishment under the federal or the state constitutions.

■ The next question of law is whether KRS 533.010 requires that Brown be given consideration for probation with an alternate sentencing plan. KRS 532.080(7), the statute under which Brown was sentenced

for PFO I, prohibits a person convicted of PFO I from being given any form of probation, parole or conditional discharge until he has served a minimum sentence of 10 years. This Court finds KRS 532.080(7) controlling and that Brown is not eligible for probation under an alternative sentencing plan.

The judgment of the Jefferson Circuit Court is affirmed.

STEPHENS, C.J., and LAMBERT, SPAIN and WINTERSHEIMER, JJ., concur.

LEIBSON, J., concurs with a separate opinion in which COMBS, J., joins. REYNOLDS, J., not sitting.

LEIBSON, Justice, concurring.

I concur in this Opinion as a correct statement of the law. The punishment assessed to Katherine Amy Brown falls short of a violation of the federal and state constitutional prohibitions against cruel and inhuman punishment. Therefore, the question of permissible punishment is a political question for the General Assembly with which this Court cannot interfere.

Nevertheless, the facts of this case merit serious consideration. Ms. Brown has been sentenced to ten years without parole for an insignificant property offense; she was found guilty of theft by deception because she shoplifted two shirts with a retail value of $111.49 which she then returned to the store clerk for credit.

While she deserves to be punished as a felon for this offense, particularly in view of her past record, I believe most criminologists, and the general public, would agree that the punishment meted out here, as required by statute, is disproportionate to the offense and damaging to the criminal justice system. Further, I seriously doubt the General Assembly can justify the expense involved in locking up Ms. Brown for ten years as punishment for the offense involved.

The persistent felony offender statute needs to be changed as it relates to nonviolent offenders. The General Assembly should address this problem.

COMBS, J., joins this concurring opinion.