940 F.2d 661
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard Owen MESSEX, Petitioner-Appellant,
v.
Al C. PARKE, Warden, Respondent-Appellee.
 No. 91-5413.
 United States Court of Appeals, Sixth Circuit.
 Aug. 2, 1991.
 
 1
 Before DAVID A. NELSON and SUHRHEINRICH, Circuit Judges, and HARVEY, Senior District Judge.*
 
 ORDER
 
 2
 Richard Owen Messex, a pro se Kentucky prisoner, appeals the district court's judgment denying his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 A jury convicted Messex in 1985 of one count of theft by the unlawful taking of property over $100 and one count of being a persistent felony offender (PFO). Judgment was entered on May 15, 1985. Messex was sentenced to 1 year imprisonment for theft, with the sentence enhanced to 15 years imprisonment because of the PFO conviction.
 
 
 4
 Messex appealed his conviction on the grounds of failure to admonish the jury and disproportionate sentence. The Kentucky Court of Appeals reversed Messex's conviction on his first ground for appeal in an opinion filed October 17, 1986. The Kentucky Supreme Court, however, reinstated Messex's conviction on September 24, 1987 after finding that the trial court's failure to give a fifth admonition to the jury ten minutes after the fourth admonition was harmless error. The Kentucky Supreme Court further found that Messex's PFO sentence was not cruel and unusual punishment in light of Messex's lengthy criminal record. Commonwealth v. Messex, 736 S.W.2d 341 (Ky.1987).
 
 
 5
 In his habeas petition, Messex raised the same two grounds for relief he presented to the state courts: (1) the trial court's failure to admonish the jury violated his fourteenth amendment right to due process, and (2) the 15-year sentence for shoplifting violated the eighth amendment's protection against cruel and unusual punishment. The respondent filed a motion to dismiss or for summary judgment, to which Messex responded.
 
 
 6
 The district court denied Messex's petition in a memorandum opinion and judgment entered on March 11, 1991. The district court concluded that no constitutional authority supported Messex's position that the trial court's failure to admonish the jury violated his right to due process and a fair trial, and that his 15-year PFO sentence did not constitute cruel and unusual punishment.
 
 
 7
 On appeal, Messex continues to argue grounds for relief. In his brief, he requests the appointment of counsel and a transcript at government expense.
 
 
 8
 Upon review, we affirm the district court's judgment because Messex has not shown that his trial was fundamentally unfair. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 110 S.Ct. 2212 (1990).
 
 
 9
 Accordingly, Messex's requests for counsel and a transcript at government expense are denied. The district court's judgment, entered on March 11, 1991, is affirmed for the reasons stated therein. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James Harvey, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation