* Lambert, Leibson, Reynolds and Spain, JJ., sitting. All concur.

2. Pursuant to SCR 3.450 Respondent, James T. Harris, shall pay to the Kentucky Bar Association all costs of this proceeding.

All sitting. All concur.

ENTERED: April 21, 1994.

/s/ Robert F. Stephens
Chief Justice

Tommy Lee HUGHES, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 93–SC–118–MR.

Supreme Court of Kentucky.

April 21, 1994.

As Corrected on Reconsideration June 16, 1994.*

## OPINION AND ORDER

This appeal arises from the judgment of conviction of Appellant, Tommy Lee Hughes, for Criminal Attempt to Commit Murder and Robbery in the First Degree for which he was sentenced to a total term of twenty years. He appeals to this Court as a matter of right. We also note that Appellant's counsel has filed a motion for leave to withdraw as appointed counsel pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493, 498 (1967), which motion was passed to a consideration of the merits of this case.

▬▬ The record is undisputed that Appellant unconditionally pled guilty. The general rule is that pleading guilty unconditionally waives all defenses except that the indictment did not charge an offense, *Bush v. Commonwealth*, Ky., 702 S.W.2d 46, 48 (1986). Nonetheless, the sentencing issue Appellant raises may be considered since all defendants have the right to be sentenced after due consideration of all applicable law. *See Wellman v. Commonwealth*, Ky., 694 S.W.2d 696, 698 (1985), which held that sentencing is "jurisdictional."

The issue Appellant raises is whether the provisions of KRS 533.010(1) and (2), which was amended in 1990, override those of KRS 533.060(1), which was in existence at the time of the 1990 amendments, and which is apparently in conflict with KRS 533.010. The statutes provide:

> (1) Any person who has been convicted of a crime and who has not been sentenced to death may be sentenced to probation, *probation with an alternative sentencing plan,* or conditional discharge as provided by this chapter.

> (2) Before imposition of a sentence of imprisonment, the court *shall* consider the possibility of probation, *probation with an alternative sentencing plan,* or conditional discharge.

KRS 533.010 (emphasis added).

When a person has been convicted of an offense or has entered a plea of guilty to an offense classified as Class A, B, or C felony and the commission of the offense involved the use of weapon from which a shot or projectile may be discharged that is readily capable of producing death or serious physical injury, the person shall not be eligible for *probation, shock probation, or conditional discharge,* [except under circumstances not applicable to this case]. . . .

KRS 533.060(1) (emphasis added).

The apparent conflict between these statutes has not been specifically resolved by the courts. However, in *Brown v. Commonwealth*, Ky., 818 S.W.2d 600, 601–02 (1991), this Court held that the prohibition in KRS 532.080(7) against a persistent felony offender receiving "any form of probation, parole or conditional discharge" until a minimum sentence has been served controlled the requirement of KRS 533.010 that a defendant be given consideration for probation with an alternate sentencing plan.[1] Then, the Court of Appeals, by a two-to-one decision, determined that the requirement in KRS 500.-095(1), which was enacted in 1990, that a trial court shall consider "community service as an alternative to [a] prison term" also was controlled by KRS 533.060(1) since the latter was the more specific statute, and there were

---

1. The statute actually provides that a persistent felony offender in the first degree "shall not be eligible for *probation, shock probation, or condi-*

*tional discharge,* nor for parole until having served a minimum term" of ten years. KRS 532.080(7) (emphasis added).

other statutes, KRS 533.010(3) and KRS 533.070(1), which indicated the General Assembly "intended to continue mandatory imprisonment in the specific situations set out in KRS 533.060(1)." *Williams v. Commonwealth,* Ky.App., 829 S.W.2d 942, 944–45 (1992), disc. rev. denied June 17, 1992.[2]

 The language employed in KRS 533.010 allows for "probation with an alternative sentencing plan," which is distinct from "regular" probation and conditional discharge. As such, it is not specifically mentioned in KRS 533.060(1), which only refers to "probation, shock probation, or conditional discharge...." Under the principle that an enumerated list is exclusive, and limited to the items included, one can strongly argue that the new option for probation with an alternative sentencing plan is not subject to the prohibition of KRS 533.060(1). *See Smith v. Wedding,* Ky., 303 S.W.2d 322, 323 (1957). Such a conclusion is buttressed by the subsequent enactment of alternate sentencing option in KRS 533.010. *Williams,* 829 S.W.2d at 944. Nonetheless, based upon the rationale apparently underlying *Brown,* and expressed in *Williams,* we must conclude that KRS 533.060(1) controls KRS 533.-010(1) and (2), even though the latter was amended subsequently to allow for "probation with an alternative sentencing plan," since the former is the more specific statute. Consequently, the trial court correctly determined that it could not consider Appellant's request for probation with an alternative sentencing plan.

 There is an additional reason why we must hold that an alternative sentencing plan is not available. In this case, the trial court at the sentencing hearing, and more importantly in the judgment, stated that probation with an alternative sentencing plan would unduly depreciate the seriousness of the crime due to the deliberate nature of Appellant's actions. As a result, such a sentencing alternative is not available. KRS 533.-010(2)(c). There is no argument, nor does the record support any suggestion, that the trial court abused its discretion in so finding.

 Finally, we must consider the motion of Appellant's counsel to withdraw pursuant to *Anders.* We note that Appellant has been given the chance to file a supplemental brief, but no such brief has been filed. In this case, although the handwriting may have been on the proverbial wall, this was not a wholly frivolous appeal. Therefore, it is ordered that the motion to withdraw be, and is, denied.

For the reasons set forth above, the judgment of conviction of Appellant, Tommy Lee Hughes, by the Daviess Circuit Court is affirmed.

All sitting.

All concur.

/s/  Robert F. Stephens
CHIEF JUSTICE

---

**2.** The majority opinion candidly admitted that under the rules of statutory construction discussed that "we could have decided this case either way." It went on to find that the other statutes noted tipped the balance in favor of KRS 533.060(1).