RENDERED:  DECEMBER 18, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0288-MR
AND
NO. 2020-CA-0291-MR

AMANDA RICHARDSON                                               APPELLANT

APPEALS FROM MCCREARY CIRCUIT COURT
v.           HONORABLE DANIEL BALLOU, JUDGE
ACTION NOS. 19-CR-00060 AND 19-CR-00087

COMMONWEALTH OF KENTUCKY                                        APPELLEE

OPINION
AFFIRMING IN PART, REVERSING IN PART,
AND REMANDING

** ** ** ** **

BEFORE:  LAMBERT, MAZE, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE:  In this consolidated appeal, Amanda Richardson

("Appellant") appeals from two final judgments and sentences on pleas of guilty to

two charges of theft of identity.[1]  She argues that the trial court abused its discretion by enforcing a "hammer clause" without following the statutory guidelines and case law.  She also contends that the court erred in levying court costs to be paid past the one-year cap set out in KRS 534.020(2)(b).  For the reasons stated below, we affirm the trial court's enforcement of the hammer clause.  We reverse the judgments on the issue of court costs, and remand the matter to conform the payment plan to the one-year maximum set out in KRS 534.020(2)(b).

## FACTS AND PROCEDURAL HISTORY

In 2019, Appellant was indicted on one count of theft of identity in case No. 19-CR-00060.  A few months later, Appellant was indicted on another count of theft of identity in case No. 19-CR-00087.

On November 25, 2019, Appellant entered into a plea agreement with the Commonwealth.  Under the terms of the agreement, Appellant would enter a plea of guilty in both cases in exchange for the Commonwealth's recommendation of an aggregate five-year sentence to be probated.  The plea contained a "hammer clause,"[2] which was reflected in the trial court's judgments.  This clause provided that Appellant would serve the five-year sentence in lieu of probation if she

---

[1] Kentucky Revised Statutes ("KRS") 514.160.

[2] *See Knox v. Commonwealth*, 361 S.W.3d 891, 893-94 (Ky. 2012).

violated the conditions of her bond. One of the conditions was that Appellant refrain from using illegal drugs or alcohol.

On January 27, 2020, Appellant appeared for sentencing. The trial court asked Appellant if she had been tested for drug use while on bond. When she answered that she had not been tested, the court took a recess so that a drug field test could be administered. The test indicated that Appellant had used methamphetamine while on bond. Appellant claimed that she had not used methamphetamine, though she had been near her mother who was using it and perhaps that accounted for Appellant's positive blood test. The trial court was not persuaded by Appellant's claim and utilized the hammer clause to impose a sentence of five years in prison. This appeal followed.

## ANALYSIS

Appellant first argues that the McCreary Circuit Court abused its discretion by enforcing the hammer clause without following the statutory guidelines and binding case law. She directs our attention to *Knox*, *supra*, in which the Kentucky Supreme Court determined that a trial court abused its discretion by imposing a hammer clause without addressing KRS 533.010(1) (sentencing alternatives), KRS 533.010(2) (alternative sentencing), KRS 532.050(1) (presentence investigation), KRS 532.110(1) (concurrent or consecutive sentences), and Kentucky Rules of Criminal Procedure ("RCr") 11.02 (sentencing).

Appellant asserts that the same error in *Knox* occurred herein.  She contends that only after prompting from the Commonwealth, and merely to prevent a technical error, did the trial court pay "lip service" to *Knox* by memorializing *Knox*'s requirements in the final judgments.  She asserts that the trial court's perfunctory application of the hammer clause at the hearing is what matters, not what is memorialized in the final judgments.  The focus of Appellant's argument is that while the final judgments contain language complying with *Knox*, the trial court's own words during the hearing belie what was written in the final judgments.  She maintains that the trial court abused its discretion, and deprived her of a fair sentencing under the 5th, 6th, and 14th Amendments to the United States Constitution, as well as §2 and §11 of the Kentucky Constitution.  She seeks an opinion reversing the judgments on appeal.

This issue was not raised below and is not ripe for appellate review.  As such, we may review it only for palpable error.[3]  *Martin v. Commonwealth*, 207 S.W.3d 1, 3 (Ky. 2006).  "A palpable error which affects the substantial rights of a party may be considered . . . by an appellate court on appeal, even though

---

[3] Citing *Hughes v. Commonwealth*, 875 S.W.2d 99, 100 (Ky. 1994), Appellant argues that the trial court's failure to comply with the sentencing prerequisites of KRS 533.010(1) and (2) is reviewable on appeal even without preservation.  Even if Appellant were entitled to a full review as to KRS 533.010(1) and (2), we would find no error.  KRS 533.010(1) provides in relevant part that any person convicted of a crime may be sentenced to probation.  Appellant was sentenced to probation until such time as she tested positive for methamphetamine.  Similarly, KRS 533.010(2) states that "the court shall consider probation."  The record refutes any claim that Appellant was not considered for probation.

insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error." RCr 10.26. "When an appellate court engages in a palpable error review, its focus is on what happened and whether the defect is so manifest, fundamental and unambiguous that it threatens the integrity of the judicial process." *Martin*, 207 S.W.3d at 5.

The question for our consideration, then, is whether the McCreary Circuit Court's application of the hammer clause and its citation to the statutory elements addressed in *Knox* were defects so manifest, fundamental, and unambiguous as to threaten the integrity of the judicial process. We find no such defect. Manifest injustice has been found, for example, when the Commonwealth and the trial judge agreed to "send a message" by sentencing a defendant far in excess of the statutory maximum penalty. *See Martin v. Commonwealth*, 456 S.W.3d 1, 12 (Ky. 2015). Manifest injustice has also been found when identical jury instructions for separate offenses potentially deprived the defendant of his right to a unanimous verdict and to challenge the sufficiency of the evidence on appeal. *Miller v. Commonwealth*, 283 S.W.3d 690 (Ky. 2009).

The McCreary Circuit Court applied the hammer clause to which Appellant had expressly agreed in order to receive a probated sentence. The trial court repeatedly warned Appellant not to consume illegal drugs or alcohol while

on bond. When the field test indicated that Appellant had used methamphetamine after expressly agreeing not to do so as part of the plea, the trial court imposed the underlying five-year sentence. Further, in each final judgment and sentence on plea of guilty, the trial court expressly addressed the statutory elements set out in *Knox*. As noted by the Commonwealth, the trial court "speaks only through written orders entered upon the official record." *Kindred Nursing Centers Ltd. Partnership v. Sloan*, 329 S.W.3d 347, 349 (Ky. App. 2010) (citations omitted). As such, its written judgments entered into the record supplant the verbal exchange at the hearing. We find no manifest injustice which threatened the integrity of the judicial process.

Appellant also argues that the trial court erred in levying court costs to be paid in installments spanning more than the one-year maximum set out in KRS 534.020(2)(b) (stating that "all court costs, fees, and fines shall be paid within one (1) year of the date of sentencing"). The Commonwealth acknowledges error on this issue, as Appellant's court costs of $25 per month beginning 90 days after release could not satisfy the obligation within one year of the date of sentencing. We agree. *See Applegate v. Commonwealth*, 577 S.W.3d 83, 88 (Ky. App. 2018).

## CONCLUSION

The McCreary Circuit Court's application of the hammer clause, and its acknowledgment of the statutory elements addressed in *Knox*, do not constitute

manifest injustice which threatened the integrity of the judicial process. In addition, the imposition of court costs must be accomplished in conformity with KRS 534.020(2)(b). Accordingly, we reverse and remand the judgments of the McCreary Circuit Court on the sole issue of court costs, and in all other respects affirm the judgments on appeal.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Robert C. Yang
Assistant Public Advocate
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky