RENDERED:  OCTOBER 3, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0396-MR

RICKY WARREN MACK II　　　　　　　　　　　　　　APPELLANT


APPEAL FROM MASON CIRCUIT COURT
v.　　　　　HONORABLE JEFFERY L. SCHUMACHER, JUDGE
ACTION NOS. 18-CR-00014, 18-CR-00050, 18-CR-00104, AND 22-CR-00120


COMMONWEALTH OF KENTUCKY　　　　　　　　　　　APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, ECKERLE, AND MᶜNEILL, JUDGES.

CALDWELL, JUDGE:  Ricky Warren Mack, II ("Mack") appeals the denial of his

CR[1] 60.02 motion to void his aggregate sentence of twenty-seven (27) years'

imprisonment from four separate convictions arguing it is void because it exceeds

---

[1] Kentucky Rules of Civil Procedure.

the statutory cap imposed by KRS[2] 532.110(1)(c) and must be amended to a twenty (20) year sentence. We affirm.

## BACKGROUND

Mack is currently serving an aggregate sentence of twenty-seven (27) years in prison pursuant to a sentence that issued from the trial court on November 2, 2022. At that time, Mack received a sentence of fifteen (15) years' imprisonment, after entering into an agreement to plead guilty to two counts of first-degree wanton endangerment, one count of first-degree fleeing and evading, and being a first-degree persistent felony offender ("PFO") in Case No. 22-CR-00120. Mack's total sentence results from a designation that the term of imprisonment in Case No. 22-CR-00120 would run consecutively to any other cases in which he had previously been sentenced.

At the time Mack was sentenced in Case No. 22-CR-00120, he had already been sentenced to a total of twelve (12) years in prison for charges from three prior indictments in Mason Circuit Court. In 2018, Mack had entered a guilty plea to second-degree fleeing and evading, possession of drug paraphernalia, third-degree assault, and second-degree PFO in Case No. 18-CR-00014. On the same day, Mack also pleaded guilty to bail jumping in Case No. 18-CR-00050. Mack received a sentence of nine years' imprisonment for Case No. 18-CR-00014.

---

[2] Kentucky Revised Statutes.

On the bail jumping charge in Case No. 18-CR-00050, he was sentenced to three years, designated to run consecutively to the sentence in his other case, for a total of 12 years' imprisonment in both cases. Later in 2018, Mack pleaded guilty to possession of drug paraphernalia and first-degree possession of a controlled substance in Case No. 18-CR-00104. He was sentenced to three years' imprisonment in this case, but the sentence was ordered to run concurrently with Case No. 18-CR-00050 and so the aggregate sentence for the three cases remained 12 years' imprisonment.

In July of 2020, Mack was released on parole. During the period he was out on parole, Mack committed additional crimes. He was eventually indicted in Case No. 22-CR-00120 and entered the guilty plea in October of 2022. When he was sentenced to the fifteen (15)-year prison term the following month, to run consecutive to his twelve (12)-year sentence from the 2018 cases, Mack's total sentence in all four cases was twenty-seven (27) years' imprisonment.

On April 3, 2023, Mack filed a "motion to adjust illegal sentence" and alleged the trial court had erred when sentencing him. At that time, he argued, pursuant to KRS 532.110 and KRS 532.080, his aggregate sentence for all four cases should have been capped at 20 years. The Commonwealth responded in opposition to this motion. Prior to any order by the trial court on the motion issuing, Mack filed another motion to modify his sentence on August 14, 2023. In

October 2023, the trial court entered an order stating it was taking no action on the motion because it no longer had jurisdiction over the matter.

The following January of 2024, Mack filed a motion for relief under CR[3] 60.02 and, simultaneously, a motion for a writ of mandamus. Both motions reiterated his prior argument that his aggregate 27-year sentence effectively violated KRS 532.110 and KRS 532.080 and should have been capped at 20 years. The trial court issued a four-page opinion and order denying these motions on January 29, 2024. At that time, the trial court found that:

> It is unquestioned that [Mack] was out on [parole] in his three previous cases when he committed the crimes for which he voluntarily pled guilty in this fourth and most recent case (Case No. 22-CR-00120). The Court's order was specific and ordered said sentence in this most recent case to run CONSECUTIVELY with his other previous cases. Further, under [KRS] 533.060(2) the most recent case "shall not run concurrently with any other sentence[.]"

On February 23, 2024, Mack filed another CR 60.02 motion with the trial court alleging the same grounds for relief as previously alleged. The trial court issued an order denying this motion on March 8, 2024 ("Order"). The Order reiterated several of the trial court's statements and findings from the January opinion. Additionally, the Order noted the repetitious nature of Mack's *pro se* filings and found that the "[d]efendant is under the misconception that the law

---

[3] Kentucky Rules of Civil Procedure.

-4-

states that no sentence can be imposed for more than 20 years." The Order admonished Mack from filing further repetitive motions and concluded, "THE DEFENDANT IS AGAIN ADVISED THAT HE HAS EXHAUSTED ALL AVENUES OF RELIEF IN THIS COURT AND HIS ONLY OPTION IS TO THE KENTUCKY COURT OF APPEALS."

This appeal follows.

## STANDARD OF REVIEW AND PRESERVATION

Mack and the Commonwealth dispute issues regarding preservation, post-trial motion practice and procedure, and whether the case is appealable.

"The structure provided in Kentucky for attacking the final judgment of a trial court in a criminal case is not haphazard and overlapping, but is organized and complete [and] is set out in the rules related to direct appeals, in RCr[4] 11.42, and thereafter in CR 60.02." *Commonwealth v. Moore*, 664 S.W.3d 582, 588 (Ky. 2023) (quoting *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983)).

A motion under CR 60.02 "is for relief that is not available by direct appeal and not available under RCr 11.42 [and the] movant must demonstrate why he is entitled to this special, extraordinary relief." *Moore*, 664 S.W.3d at 588-89 (internal quotation marks omitted). However, "[s]entencing is jurisdictional, and all defendants have the right to be sentenced after due consideration of all

---

[4] Kentucky Rules of Criminal Procedure.

-5-

applicable law." *Cummings v. Commonwealth*, 226 S.W.3d 62, 66 (Ky. 2007)

(citing *Hughes v. Commonwealth*, 875 S.W.2d 99, 100 (Ky. 1994) and *Wellman v.*

*Commonwealth*, 694 S.W.2d 696, 698 (Ky. 1985)).

> [S]entences falling outside the permissible sentencing
> range cannot stand uncorrected.
>
> Our review of unpreserved "sentencing issues" is
> based on protection of the defendant from being
> subjected to an illegal sentence, since all defendants have
> the right to be sentenced after due consideration of all
> applicable law. The appellate court will automatically
> treat an unpreserved sentencing issue as though it was
> preserved for appellate review. Furthermore, because the
> trial court and appellate court have inherent authority to
> correct an unlawful sentence at any time, a defendant
> may raise a sentencing issue through any of the following
> relief mechanisms: direct appeal, with the standard of
> review being abuse of discretion even when the
> sentencing issue is not preserved; RCr 11.42; CR 60.02;
> or a writ of habeas corpus.

*Moore*, 664 S.W.3d at 590 (internal quotation marks, footnotes, and citations

omitted).

The record before us is cluttered with hand-written filings and

obviously photocopied motions from other cases with Mack's name pasted in. The

duplicative and haphazard manner of Mack's *pro se* post-trial motion practice in

this case is far from ideal and the frustration apparent in the trial court's Order, as

well as within the Appellee brief from the Commonwealth, is understandable.

Nonetheless, Mack's allegation here is unquestionably that of an illegal sentence.

Where there is a sentencing issue, the typical procedural analysis of post-trial motion practice is altered. *Moore*, 664 S.W.3d at 589. Furthermore, the Appellee brief concedes that this Court is without authority to affirm an illegal sentence, citing to our Supreme Court's opinion in *Phon v. Commonwealth*, 545 S.W.3d 284 (Ky. 2018).

For purposes of identifying the applicable standard of review here, the procedural arguments before us are not critical. The precedent of our Supreme Court dictates that our standard of review for a sentencing issue is for abuse of discretion even where the issue was not preserved. *Moore*, 664 S.W.3d at 590. When faced with an allegation of the illegality of a criminal sentence, an "appellate court will automatically treat an unpreserved sentencing issue as though it was preserved for appellate review." *Id.*

Moreover, we agree with the Commonwealth that Mack's sentence is not an illegal one and thus conclude it is unnecessary to exhaustively resolve the procedural arguments offered by the parties.

**KRS 533.060(2) REQUIRED THE TRIAL COURT TO ORDER MACK'S SENTENCE IN CASE NO. 22-CR-00120 TO RUN CONSECUTIVELY WITH HIS SENTENCE FROM 2018 CASES DESPITE A RESULTING AGGREGATE PRISON TERM IN EXCESS OF TWENTY YEARS**.

On appeal, Mack argues that the trial court failed to incorporate the statutory cap dictated by KRS 532.110(1)(c) when it ordered the sentence to run consecutively to the sentence from his prior cases. He argues that, since he was

-7-

convicted of only Class D felonies, the maximum aggregated sentence could not exceed twenty years, by virtue of KRS 532.110(1)(c) and KRS 532.080(6)(b). Accordingly, he maintains we must vacate the Order and instruct the trial court to amend it to reflect a twenty (20) year aggregate prison sentence.

KRS 532.110(1)(c) directs a sentencing court that "the aggregate of consecutive indeterminate terms shall not exceed in maximum length the longest extended term which would be authorized by KRS 532.080 for the highest class of crime for which any of the sentences is imposed[.]"[5] The maximum term for a Class C or Class D felony, enhanced for being a PFO as authorized by KRS 532.080(6)(b), is twenty (20) years. A plain reading of KRS 532.110(1)(c) then, Mack argues, confined the trial court to sentencing him to consecutive terms of imprisonment that resulted in a maximum total term of imprisonment of no more than twenty (20) years. As Mack had already been sentenced to twelve (12) years for the 2018 cases, for the trial court to comply with this statutory cap, he argues the trial court should have sentenced him to no more than eight (8) years in Case No. 22-CR-00120, so that "the aggregate of consecutive indeterminate terms" would remain below a total of twenty (20) years.

---

[5] Subsequent to entry of the Order under appeal in this case, KRS 532.110(1)(c) was amended to specially exclude applicability to aggregate prison terms which had resulted from sentencing "as described in KRS 533.060(2) or (3)." KY LEGIS 127 (2024), 2024 Kentucky Laws Ch. 127 (HB 619).

The Order under appeal acknowledged Mack's argument regarding KRS 532.110(1)(c) but concluded that KRS 533.060(2) required the sentences to run consecutively. Mack acknowledges that the trial court was required by KRS 533.060(2) to order his sentence in 22-CR-00120 to run consecutively with the sentence from his 2018 cases.[6] However, he maintains the trial court was limited to sentencing him to an additional eight years based primarily on the Kentucky Supreme Court's opinion in *Kimmel v. Commonwealth*, 671 S.W.3d 230 (Ky. 2023) (hereinafter "*Kimmel*"). He argues that the statutory cap on aggregate sentences as set forth in both KRS 532.110(1)(c) and KRS 532.080(6) controlled and confined the maximum aggregate sentence allowable.

In *Kimmel*, the Court held that an aggregate sentence of forty (40) years that resulted from application of KRS 533.060(3)[7] was subject to the twenty (20) year statutory cap for class C and D felonies. 671 S.W.3d at 239. The defendant in *Kimmel* had initially been charged with third-degree burglary and theft by unlawful taking after he had shoplifted from a Walmart he had previously been barred from entering. *Id*. at 234. Subsequently, while on bond during a

---

[6] KRS 533.060(2) directs a sentencing court that, when a person who has entered a plea of guilty to a felony which was committed during the person's release on probation for a prior felony, "the period of confinement for [the latter] felony shall not run concurrently with any other sentence."

[7] KRS 533.060(3) dictates that "[w]hen a person commits an offense while awaiting trial for another offense, and is subsequently convicted or enters a plea of guilty to the offense committed while awaiting trial, the sentence imposed for the offense committed while awaiting trial shall not run concurrently with confinement for the offense for which the person is awaiting trial."

pretrial release, the defendant committed offenses which resulted in another indictment for third-degree burglary and theft by unlawful taking, as well as a PFO charge. *Id*. The defendant agreed to having all charges from both indictments tried together. *Id*. at 235. Following a jury trial, he was found guilty of all charges. *Id*. After finding the defendant guilty of being a PFO, the jury recommended sentences of twenty (20) years each on the two burglary charges and further recommended that the sentences run consecutively, for a total sentence of forty (40) years. The final judgment and sentencing which issued from the trial court followed the jury's recommendation. *Id*.

In resolving the statutory conflict, the Kentucky Supreme Court ultimately held that: "while sentences under KRS 533.060(3) must be consecutive, the resulting total term of years cannot violate the maximum aggregate sentence cap set forth in KRS 532.110(1)(c)." *Kimmel*, 671 S.W.3d at 239. Although it was KRS 533.060(3) at issue in *Kimmel*, the Court relied upon a prior decision where it had examined a challenge to an aggregate sentence issued pursuant to KRS 533.060(2). *See* 671 S.W.3d at 238 (citing *Blackburn v. Commonwealth*, 394 S.W.3d 395, 400 (Ky. 2011)) ("[W]e find that the more recent rationale behind applying KRS 533.060, subject to the statutory limits contained in KRS 532.110(1), as explained in *Blackburn* controls.").

As would occur in *Kimmel*, 671 S.W.3d 230, the defendant in *Blackburn* had received consecutive sentences for felonies from two separate indictments after being found guilty in a jury trial where all charges had been tried together. 394 S.W.3d at 396. However, at the time those offenses were committed in *Blackburn*, the defendant was out of prison on parole for an earlier conviction. *Id*. After being found guilty of the latter indictments, the trial court entered a total sentence of forty (40) years based upon the jury's recommendation of consecutive sentences for the charges from the subsequent offenses. *Id*. at 401. The maximum length authorized by KRS 532.080 for the highest enhanced Class C felony at issue was twenty (20) years. *Id*. The *Blackburn* Court concluded that KRS 533.060(2) "[did not] modif[y] the maximum aggregate duration allowed by KRS 532.110(1)" as to consecutive sentences resulting from separate indictments for multiple offenses committed subsequent to parole. 394 S.W.3d at 400.

The Appellee brief concedes that Mack's sentence raises some apparent conflict between the requirement for consecutive sentencing in KRS 533.060(2) and the statutory cap on aggregate sentences resulting from operation of KRS 532.110(1)(c) and KRS 532.080(6)(b). Nonetheless, the Commonwealth argues, *Kimmel*, 671 S.W.3d 230, is not controlling as it does not address KRS 533.060(2). Furthermore, the Commonwealth argues, factual distinctions between

-11-

this case and *Kimmel* show *Kimmel* does not govern determination of Mack's sentence.

The Commonwealth argues that binding precedent which predates the 2023 *Kimmel* opinion remains applicable to the present facts and establishes that Mack's sentence was not illegal, pointing to *Johnson v. Commonwealth*, 553 S.W.3d 213 (Ky. 2018). There, the defendant had been sentenced to serve a total of twenty (20) years in prison for multiple offenses. *Id*. The Court considered his appeal where:

> the trial judge ordered that the sentences run consecutively to any and all other sentences. This includes a prior trafficking conviction where Appellant received a ten-year sentence. Appellant contends that his grand total sentence is thirty years' imprisonment, thus, in violation of KRS 532.110(1) and KRS 532.080(6)(b).
>
> Contrary to Appellant's contention, the relevant sentencing statutes do not extend to sentences resulting from previous cases. Appellant's ten-year sentence resulted from a previous indictment and trial. That case was pending before the Court of Appeals. There was no sentencing error here.

553 S.W.3d at 219-20.

The Commonwealth additionally cites to unpublished opinions which issued from the Kentucky Supreme Court, as well as this Court, as persuasive support. However, subsequent to the briefing in the case, the Kentucky Supreme

Court issued an opinion that renders it unnecessary to examine unpublished cases here.

In *Wynn v. Commonwealth*, the defendant had relied upon the Supreme Court's opinion in *Kimmel*, 671 S.W.3d 230, to allege his total sentence of twenty-seven (27) years was in excess of the statutory cap on aggregate sentences. 713 S.W.3d 122, 126 (Ky. 2025). Wynn had pled guilty to original charges which included possession of a firearm by a convicted felon. *Id.* After he was released on bond pending his sentencing hearing and then failed to appear, the defendant was eventually indicted for bail-jumping and PFO. *Id.* Following his subsequent arrest, he was sentenced to a seven (7) year term of imprisonment on the original charges. *Id.* After being found guilty of the enhanced bail jumping charge, he was sentenced to a term of twenty (20) years on that charge, designated to run consecutively to the seven (7) year sentence from the original charges. *Id.* at 131.

As in *Kimmel*, KRS 533.060(2) was not applicable to the defendant in *Wynn*. Despite the defendant's entry of a guilty plea to the prior indictment before committing the offense which resulted in the latter indictment, the Court in *Wynn* determined that KRS 533.060(3) was the relevant statute regarding questions as to mandatory consecutive sentencing. 713 S.W.3d at 132 (quoting *Cosby v. Commonwealth*, 147 S.W.3d 56, 59 (Ky. 2004)) ("[A] defendant is considered to

be 'awaiting trial' for purposes of KRS 533.060(3) during the period he is 'awaiting sentencing.'").

Despite the case's shared applicability of KRS 533.060(2), the Court in *Wynn* found the facts of the case were sufficiently distinguishable from *Kimmel* to render it inapplicable and the Court affirmed the twenty-seven (27) year sentence. *Id.* at 131. In doing so, the *Wynn* Court emphasized that the defendant had already been found guilty and sentenced for the prior indictment at the time before he received the sentence under appeal when making factual distinctions from those in *Kimmel*. *Id*. at 133 ("Wynn had already been separately indicted, convicted, and sentenced in case No. 21-CR-00068 prior to being tried, convicted, and sentenced for first-degree bail jumping in case No. 22-CR-00179.").

The relevant facts concerning Mack's prior indictments are closer to those of *Wynn* than *Kimmel*. The most obvious distinction—that Mack had been sentenced in the prior indictments years before the bail-jumping sentence—does not weigh in his favor. This is clear from *Wynn* as our Supreme Court specifically cited with approval a prior decision where it: "held that the sentencing cap statute, KRS 532.110(1)(c), did not mandate that the aggregate of the appellant's two consecutive sentences be capped at the twenty-year maximum, because it interpreted KRS 532.110(1)(c) not to apply to sentences arising from separate

-14-

indictments and trials." 713 S.W.3d at 133 (quoting *Johnson,* 553 S.W.3d at 220) (internal quotation marks omitted).

The arguments presented in *Wynn* closely parallel those made by Mack here; we are bound by the Supreme Court's holding in *Wynn* which is likewise plainly applicable to Mack's appeal here:

> Like the appellant in *Johnson*, Wynn had already been separately indicted, convicted, and sentenced in [his initial case] prior to being tried, convicted, and sentenced for first-degree bail jumping in [his subsequent case]. Therefore, our precedent would dictate that the "sentencing cap" of KRS 532.110(1)(c) did not require the trial court to fix Wynn's penalty for first-degree bail jumping at thirteen years of imprisonment, so as to keep his "aggregate" punishment for both felony convictions below twenty years of imprisonment. Any contrary interpretation of the General Assembly's "sentencing cap" statute would lead to an absurd result. Under a contrary interpretation of KRS 532.110(1)(c), any criminal who was convicted of having committed a Class D felony and was thereafter sentenced would be free to commit any number of Class D felonies with the peace of mind of knowing that he could only receive an aggregate prison sentence of, at most, twenty years. This cannot be what the legislature intended when it enacted KRS 532.110(1)(c).

*Id*. at 132-34.

Thus, based on our review of binding precedent and the record before us, KRS 532.110(1)(c) did not require the trial court to fix Mack's penalty for the two counts of first-degree wanton endangerment, one count of first-degree fleeing and evading, and PFO in Case No. 22-CR-00120 at eight (8) years so as to keep

the "aggregate" prison sentence combined with his prior convictions in the 2018 indictments below twenty (20) years of imprisonment. The trial court correctly determined that KRS 533.060(2) required Mack's sentence in 22-CR-00120 to run consecutively to any term of imprisonment he had been ordered to serve as a result of his earlier convictions.

## CONCLUSION

The Mason Circuit Court's order denying Mack's CR 60.02 motion is affirmed.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Andrea Reed
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Jenny L. Sanders
Assistant Attorney General
Frankfort, Kentucky